[No. 13640.  Department One. — November 27, 1891.]

TIMOTHY B. CALLAHAN, by his Guardian, etc.,
Respondent, v. THE EEL RIVER AND EUREKA
RAILROAD COMPANY, Appellant.

Negligence — Turn-table — Injury to Child — Trespass — Contribu-
tory Negligence. — A railroad company is liable in damages for inju-
ries received by a young child while playing on a turn-table belonging to
it, which was not guarded at the time by any one, or protected by any
inclosure, and its liability is not affected by the fact that the table was
latched by the customary fastening of an iron latch dropped in a slot, or
by the fact that the table was set in motion by the negligent act of other
boys.

Appeal from a judgment of the Superior Court of
Humboldt County, and from an order denying a new
trial.

The facts are stated in the opinion.

*Horace L. Smith*, for Appellant.

The evidence showed that the plaintiff was a tres-
passer upon the defendant's depot-grounds, and as such,
the defendant owed him no duty beyond the negative
one not to inflict upon him any willful or wanton injury;
and as the defendant owed him no duty, the omission
relied upon could not constitute negligence on its part.
(*Frost* v. *Eastern R. R. Co.*, 64 N. H. 220; 10 Am. St. Rep.
396; Pollock on Torts, 352; *Holly* v. *Gas Light Co.*, 8
Gray, 123; 69 Am. Dec. 233; *Brown* v. *Railroad Co.*, 58
Me. 384; *Kolstoy* v. *Minneapolis etc. R. R. Co.*, 32 Minn.
133; *Railroad Co.* v. *Bell*, 81 Ill. 76; 25 Am. Rep. 269;
*McAlpin* v. *Powell*, 70 N. Y. 126; 26 Am. Rep. 555; *Mor-
rissey* v. *Eastern R. R. Co.*, 126 Mass. 377; 30 Am. Rep.
686; *Johnson* v. *Boston etc. R. R. Co.*, 125 Mass. 75; *Gavin*
v. *City of Chicago*, 97 Ill. 66; 37 Am. Rep. 99; *Hestonville
Passenger R'y Co.* v. *Connell*, 88 Pa. St. 520; 32 Am. Rep.
472; *Gillespie* v. *McGowan*, 100 Pa. St. 144; 45 Am. Rep.
365; *Baltimore etc. R. R. Co.* v. *Schwindling*, 107 Pa. St.
258; 47 Am. Rep. 706; *Union Pacific R. R. Co.* v. *Henigh*,
23 Kan. 347; 33 Am. Rep. 167; *Toomey* v. *S. P. R. R.*

Co., 86 Cal. 387; Rodgers v. Lees, 140 Pa. St. 475; Clark
v. Manchester, 62 N. H. 577; Morgan v. Hallowell, 57 Me.
375; Wood v. Independent School Dist., 44 Iowa, 27; Davis
v. Cent. Cong. Soc., 129 Mass. 367; 37 Am. Rep. 368;
Mangan v. Allerton, 1 Ex. 239; McEachern v. R. R. Co.,
150 Mass. 515; Galligan v. Mfg. Co., 143 Mass. 527.)

S. M. Buck, also for Appellant.

The turn-table being upon the defendant's ground,
the defendant was not legally required to lock it or keep
a guard over it, and its omission to do so does not
amount to negligence in a legal sense. (Toomey v. S. P.
R. R. Co., 86 Cal. 381, and cases cited; Tennebrock v.
S. P. R. R. Co., 59 Cal. 271; Schmidt v. Bauer, 80 Cal. 568;
Cusick v. Adams, 115 N. Y. 55–59; 12 Am. St. Rep. 772;
St. Louis v. Monday, 49 Ark. 257.)   The fact that plaintiff
is a minor does not add to the liability of defendant un-
der the circumstances, as the turn-table of defendant was
on its own private grounds, at a great distance from all
streets and public places.   Therefore, as a matter of law,
it was neither a public nor private nuisance. (Egley v.
Oregon R'y Co., 26 Pac. L. Rep. 973; Williams v. Kansas
City etc., 96 Mo. 283; Mitchell v. Philadelphia etc., 132 Pa.
St. 227; Masser v. Chicago etc., 68 Iowa, 606; Cauley v.
Pittsburgh etc., 95 Pa. St. 398; 40 Am. Rep. 664; Central
Branch v. Henigh, 23 Kan. 347; 33 Am. Rep. 167; Hes-
tonville v. Connell, 88 Pa. St. 520–523; 32 Am. Rep. 472;
Moore v. Pennsylvania R. R. Co., 99 Pa. St. 301; 44 Am.
Rep. 106.)   The same principle applies to a drunken
man. (Columbus etc. v. Wood, 86 Ala. 164; McDonald v.
Chicago etc., 75 Wis. 121; Williams v. S. P. R. R., 72 Cal.
120.)   It follows that the principle enunciated by the
supreme court of New Hampshire, in Frost v. Eastern
R. R. Co., 64 N. H. 220, 10 Am. St. Rep. 396, is the law
of this state.

T. H. Selvage, and Ernest Sevier, for Respondent.

It is negligence per se in a railroad company to leave
a turn-table unlocked and unguarded in a public place

resorted to by children for the purpose of playing, without using some precaution to prevent injury to such children. (*Railroad Company* v. *Stout*, 17 Wall. 657; *Keffe* v. *Milwaukee R. R. Co.*, 21 Minn. 207; *Kansas Central R'y Co.* v. *Fitzsimmons*, 22 Kan. 686; 31 Am. Rep. 203; *Koons* v. *St. Louis R. R. Co.*, 65 Mo. 592; *Nagel* v. *Missouri R. R. Co.*, 75 Mo. 653; *Evansich* v. *G. C. & S. F. R. R. Co.*, 57 Tex. 123; *Hedrick* v. *Ilwaco R. R. Co.*, 25 Pac. L. Rep. 335; *G. C. & S. F. R. R. Co.* v. *McWhirter*, 77 Tex. 356.)   That the turn-table was on defendant's own premises does not relieve it.   (*Railroad Co.* v. *Stout*, 17 Wall. 657, and other cases cited *supra*.)   The defendant owed the plaintiff this duty: that since it had erected this alluring and dangerous machine in an open public place resorted to by children, it was its duty to secure it so as to prevent injury to those who, by reason of their tender years, were incapable of comprehending its dangerous character; and a failure to do so was negligence, and a failure of duty to such children. (*Keffe* v. *Milwaukee R. R. Co.*, 21 Minn. 207; *Hedrick* v. *Ilwaco R. R. Co.*, 25 Pac. L. Rep. 335.)   The case of *Frost* v. *Eastern R. R. Co.*, 64 N. H. 220, 10 Am. St. Rep. 396, is not the law in this state. (See *Needham* v. *R. R. Co.*, 37 Cal. 409.)

BELCHER, C. — The material facts of this case are very nearly the same as those of *Barrett* v. *Southern Pacific Company*, decided by this court September 21, 1891. (91 Cal. 296.)

It appears here that on the 5th of August, 1887, the defendant owned and was operating a railroad, one terminus of which was at the city of Eureka, in the county of Humboldt.   At this terminus it had a turn-table, which was held in place by the customary fastening of an iron latch dropped in a slot.   By lifting the latch from the slot the table could be revolved.

The plaintiff was a child six years old, whose parents lived a short distance from the turn-table.   On the day above named, he returned from school about three

o'clock, P. M., and thereafter was about the house and yard of his parents till he got his supper. His mother directed him not to leave the yard, but between six and seven o'clock, he, with some other boys, ran away down to the turn-table. He got onto the turn-table to have a ride, and sat down with his right leg over the side of it. The other boys turned the table, and as it went round his leg was caught between it and the timbers of the track, and so badly crushed that it had to be amputated above the knee.

Before this, boys had frequently played around and ridden on the turn-table, and when seen doing so by the employees of defendant, had been ordered away. At this time no employees were about.

The plaintiff brought this action to recover damages for his injury, and asked judgment for the sum of thirty thousand dollars. The case was tried by a jury, and a verdict returned, on which judgment was entered for five thousand dollars. The defendant moved for a new trial, which was refused, and has appealed from the judgment and order.

The appellant contends that its motion for nonsuit should have been granted, and that numerous errors were committed by the court in its rulings, and in giving and refusing certain instructions to the jury.

We do not think it necessary to discuss the points presented, at length. They are made upon the theory that the plaintiff was a trespasser, and that defendant was not guilty of negligence; and they all seem, in effect, to have been considered and decided against appellant's contention, in the Barrett case.

Upon the authority of that case, we advise that the judgment and order be affirmed.

FITZGERALD, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.