ELVIN CARSON, by his Next Friend, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

| 96 | 583 |
| 116 | 413 |
| 96 | 583 |
| 134 | 697 |

**Railroads:** CONTRIBUTORY NEGLIGENCE. A boy twelve years old, of good ability and usually well informed, who is injured by catch-ing his foot between the end of a moving turntable and the side of the pit while attempting to step from it on a dark night, is guilty of contributory negligence, as matter of law.

*Appeal from Marion District Court.*—HON. A. W. WILKINSON, Judge.

WEDNESDAY, JANUARY 22, 1896.

Action for personal injuries. Judgment for plaintiff, and the defendant appealed.—*Reversed.*

*Cummins & Wright, Robert Mather,* and *J. D. Gamble* for appellant.

*Warren Bros.* and *Earle & Prouty* for appellee.

Granger, J.—The plaintiff, a minor of the age of twelve years, brings this action by his next friend, to recover for an injury received while playing on a turn-table owned by the defendant company. The turn-table is situated on the depot grounds of the defend-ant at Pella, Iowa, and is something over two hundred

feet from the depot, and about one hundred and twenty-five feet from a lot or space used as a playground, and, to quite an extent, as a public resort. The table is between the company's tracks and is in no way connected with the playground or any public way by a traveled track or path. The table was at times locked, and at others unlocked. It appears from the evidence that boys frequently visited it to play, and there is some evidence tending to show that the agent at Pella knew of this, but the fact is much in doubt. The table is a heavy piece of machinery for the turning of engines, but so constructed that the boys going there to play could, before getting on, put it in motion and then get on and ride. On the evening that plaintiff was hurt, he, with several other boys, went to the table, after dark,—some of the other boys reaching there before he did,—and when he came to the table it was in motion. He helped to push it a little and then jumped on the table, to ride. After getting on he walked across the table, along the track thereon, as we understand; and when the rails on the turntable came in line with the rails leading from the table, and while it was still in motion, plaintiff, in stepping off the table, got his foot between the end of the table and the side of the pit, and was injured. At the close of the plaintiff's testimony the defendant moved the court to direct a verdict for it on several grounds, among which were: *first*, because there was no negligence on the part of the defendant of which plaintiff can complain; and, *second*, the evidence shows affirmatively that the plaintiff was guilty of contributory negligence causing his injury. The court overruled the motion, and error is assigned on the ruling.

Unless we overrule the holding in *Merryman v. Railway Co.*, 85 Iowa, 634 (52 N. W. Rep. 545), we must reverse this case, for the cases cannot be distinguished

on principle. The holding in that case has the support of both reason and authority, and it does not seem to be doubted. There is, however, an effort to distinguish the cases. In the *Merryman Case* the boy was thirteen years old. He jumped upon the table and lay down with his feet projecting beyond the end of the table, so that one leg was caught between the table and the embankment, and he was injured. The court below seems to have been in much doubt on the question, and observed this distinction between the cases: that in the *Merryman Case* the boy allowed his legs to project over the turntable, while in this case the injury resulted in an attempt to step off the table when it was in motion. It is true that in the *Merryman Case* the legs could not project over the end of the table as it passed a given point, without injury, and it appears that the boy knew that, if he only gave it thought, which he did not do, because he was having fun. It is also true in this case that the plaintiff knew, if he stopped for an instant to think, that he was liable to get hurt by being caught between the end of the table and the side of the pit. But he did not think about it. This is the conclusion from his testimony. In fact, it is what he states. A lengthy examination caused some confusion of statements, but the conclusion is not doubtful. In this case it was not certain that an injury would result from an attempt to get off while the table was in motion, but the injury was certain to result if there was a failure to step over the opening. In the *Merryman Case* the injury was certain to result if the legs were projecting at a given point. There is no practical distinction. Both are cases grounded on a failure to give attention to danger when it was perfectly apparent, and the facts constituting the danger absolutely known. The plaintiff was a boy twelve years of age, lacking a single day. The record shows him to have been a

boy of good ability, and usually well informed. He was familiar with the table, having played there before; and the case in such respects is not different from the *Merryman Case*. In that case, it is true, the boy was one year older, but the rule of diligence is applied to boys under twelve years of age. In *Masser v. Railway Co.*, 68 Iowa, 605 (27 N. W. Rep. 776), the rule is applied to a boy eleven years of age. In many cases it is extended even further. In the *Merryman Case* it is said, "The law imposes upon minors the duty of giving such attention to their surroundings, and care to avoid danger, as may be fairly and reasonably expected from persons of their age and capacity." That rule, applied to this case, is conclusive of it; for it cannot well be said but that it might fairly and reasonably be expected that a boy twelve years of age, of usual intelligence and information, would understand the importance of observing care in being upon a moving turntable in the night, and stepping therefrom over an open space, into which he might step and be injured.

The question of the negligence of the defendant we need not consider, inasmuch as the facts as to contributory negligence are so conclusive of the case. A verdict should have been directed for the defendant.— *Reversed.*