KAUMEIER *v.* CITY ELECTRIC RAILWAY CO.

1. TRESPASSERS—STREET RAILWAYS—UNGUARDED CARS.
   One who, in sport, attempts to make use of a street car left unguarded upon the track in the public highway, is a trespasser.

2. NEGLIGENCE — DANGEROUS MACHINERY —UNSECURED CAR — INJURY TO CHILD.
   A small flat or platform car, mounted on four wheels, plainly constructed, with no machinery about it, is not a dangerous machine, within the rule recognized by some of the courts that one who leaves upon his property dangerous machinery, likely to attract children, so unsecured that children may put it in motion, is guilty of negligence.

3. SAME—NOTICE.

> A street-railway company, therefore, which leaves a car of such description unblocked upon the track in the highway, is not liable for injuries received by a child by falling under the wheels of the car while it was being pushed along the track by her companions, although the company knew that children were accustomed to make such use of the car when it was left unguarded.

Error to St. Clair; Vance, J. Submitted February 2, 1898.    Decided March 15, 1898.

Case by Hazel Kaumeier, an infant, against the City Electric Railway Company, for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*Phillips & Jenks,* for appellant.

*Muir & Smith (Avery Bros. & Walsh,* of counsel), for appellee.

LONG, J. This action was commenced to recover damages for injuries sustained by plaintiff by one of defendant's cars, which, it is claimed, was negligently left by it on a side track without being guarded, or brakes set, or other means employed to prevent children from moving it. On the trial it appeared that the plaintiff was nearly seven years old when the accident upon which this action is founded happened,—September 17, 1895. Defendant operated a street railway in the city of Port Huron. The car which caused the injury was a small flat or platform car, and was about 14 feet long by 6 feet wide, with a box about 12 feet long, having drop sides, and leaving 1 foot of platform at each end projecting beyond the box, the platform being about 26 inches from the ground. The weight of the car was from 1,500 to 1,800 pounds. It had four iron wheels, and had no brake upon it, or other means to prevent its being moved. On the afternoon of the accident, an order was received by the com-

pany to go to Huronia Beach, a point about four miles north of the center of the city. The employés operating the combination of motor car and flat car decided to leave the platform car at the point of the accident, while they proceeded with the motor car alone to Huronia Beach to get some trunks and return, which would occupy from 40 to 45 minutes, and avoid the necessity of drawing the flat car, and making switches that would be necessary in order to reverse the position of the cars on the return trip. There is testimony that this car was in that place in the morning and noon, and that there were then no blocks or anything under or beside the wheels to prevent the car's being rolled; and the car was in the same place when witness came from school at night, about the time of the accident. The place of the accident was the only point on the company's line where the platform car could be left without interference with other cars, and it had been left in the same way and place a number of times before under similar circumstances. The conductor in charge of the cars on this occasion testified that, when the flat car was left at this point on this occasion, he blocked the wheels with a stone and a stick, which could be removed, however, by the kick of a small boy, if he hit it right, and that he always blocked this car every time he left it there.

The plaintiff lived about the length of a block from the place where this car was left, and, coming from school in the afternoon of September 17th, seeing children playing upon the car, came to the place of the accident. At that time there were eight or ten children playing with it, pushing the car a short distance west, and then returning it east. A part were pushing, the others riding. At this point there is a slight descent to the west, but not enough to start the car of itself, and there was much dust upon the track. At the time the plaintiff arrived, the children playing with the car were just starting or about to start it towards the west, and had run it up and down the track a number of times, and there were then no blocks under the wheels. She climbed upon the west end of the plat-

form to ride, and, without having got into the box, either slipped or was pushed in the play from the car, falling in front of the wheels, one of the wheels running over her leg, and causing the injuries complained of. The plaintiff had been told by her mother "not to go near the cars, that she was liable to be hurt;" but the danger was not explained to her, and she testified she did not think or know it was dangerous. She was not told not to go near the car on this day. This car had been left in the same position before, and children had played upon it, and pushed it, and street-car employés had taken the car from that position when the children were playing upon it, and the children had helped the street-car men shove the flat car up to the motor car for the purpose of connecting it. The plaintiff was injured almost immediately after going to the car. The children had been playing upon the car from three-quarters of an hour to an hour.

At the conclusion of the proofs, counsel for defendant requested the court to instruct the jury, among other matters, that, under the undisputed evidence, the defendant was entitled to a verdict. This was refused, and, inasmuch as this is the only question discussed in appellant's brief, we need not state the other requests to charge. The court submitted two questions to the jury:

1. Whether the defendant was guilty of negligence.
2. Whether the plaintiff was guilty of contributory negligence.

Upon the first the court instructed the jury as follows:

"If this car had been left there by the railway company at other times, and the street-railway company knew of that fact, knew that children were in the habit of going there and playing with this car, and moving it up and down the track, and riding upon it, and with that knowledge left the car there, and left it unfastened and unblocked; and, in your opinion, taking all the surrounding facts and circumstances into consideration, you deem the use of that car in that manner by children dangerous to them, and that careful, cautious, and prudent men would not have left it there in that condition,—you would be

justified in finding that the railway company was liable for the injury that this child suffered, provided that she has not been guilty of contributory negligence."

Upon the second question the court charged the jury, substantially, that they might take into consideration the age of the child, the means she had of knowing the danger, the judgment, intelligence, and reason of the child, and say whether, under all the circumstances of the case, she was capable of being guilty of contributory negligence; and, "if you feel that she was, and that any act of hers contributed to the injury, you should deny her claim; otherwise, if she did contribute to it, and you think that in her tender years, and in her judgment and reasoning powers, she was incapable of knowing any better, you would be justified in passing that over."

Plaintiff recovered, and defendant brings error.

Plaintiff contends that, this car track being in a public highway, the child was not a trespasser, either in moving the car or in getting upon it. The plaintiff does not contend that the car was of itself an object dangerous to children, but that, the car being so light that children could move it on the track, it became a dangerous object in being moved along the track, and, being an attractive object, they were likely to move it, and thus be put in danger; that the defendant's employés knew, before leaving the car there on that occasion, that on former occasions children were attracted to it, had moved it along the track, and that such employés had countenanced the children in thus playing with it; that, with this evidence in the case, the court very properly left the question to the jury to determine whether, taking all these matters and the surrounding circumstances into consideration, careful, cautious, and prudent men would have left the car there in that condition. In support of this contention counsel cite the *Turntable Cases* in note to 27 Am. & Eng. Enc. Law, 344. It is said in that text:

" The general rule of liability, as laid down by the Supreme Court of the United States and adopted by the

great majority of the State courts, is that if a railway company leaves a turntable or other like machinery upon its own property, likely to attract children, so unsecured that children may put it in motion, the company is negligent, and, if a child is injured thereby, will be liable in damages."

We are not called upon in the present case to express any opinion upon the questions decided by those cases. In Massachusetts and New Hampshire that ruling is not followed, it being held in those States that a railroad company is not liable for injuries sustained by a child while playing upon a turntable, either upon the ground of an implied invitation to come there, or of a duty on the part of the company to make the place safe. *Daniels* v. *Railroad Co.*, 154 Mass. 349 (13 L. R. A. 248, 26 Am. St. Rep. 253); *Frost* v. *Eastern Railroad*, 64 N. H. 220 (10 Am. St. Rep. 396). All the *Turntable Cases* are rested upon *Railroad Co.* v. *Stout*, 17 Wall. 657. In that case a child of six years was injured by playing upon the defendant's turntable. The turntable was unlocked and unguarded. The court charged the jury, upon the question of the defendant's negligence in the management or condition of the turntable, that—

"To maintain the action, it must appear by the evidence that the turntable, in the condition, situation, and place where it then was, was a dangerous machine,—one which, if unguarded or unlocked, would be likely to cause injury to children; that if, in its construction, and the manner in which it was left, it was not dangerous in its nature, the defendant was not liable for negligence; that they were further to consider whether, situated as it was, as the defendant's property in a small town, somewhat remote from habitations, there was negligence in not anticipating that injury might occur if it were left unlocked or unguarded; that, if it did not have reason to anticipate that children would be likely to resort to it, or that they would be likely to be injured if they did resort to it, then there was no negligence."

The court, in passing upon and approving this charge, said:

"That the turntable was a dangerous machine, which would be likely to cause injury to children who resorted to it, might fairly be inferred from the injury which actually occurred to the plaintiff. There was the same liability to injury to him, and no greater, that existed with reference to all children. When the jury learned from the evidence that he [plaintiff] had suffered a serious injury by his foot being caught between the fixed rail of the roadbed and the turning rail of the table, they were justified in believing that there was a probability of the occurrence of such accidents. So, * * * when it was proved to the jury that several boys were at play there on this occasion, and that they had been at play upon the turntable on other occasions, and within the observation and to the knowledge of the employés of the defendant, the jury were justified in believing that children would probably resort to it, and that defendant should have anticipated that such would be the case."

It is difficult to see how that case can be likened to the present. In that case a dangerous piece of machinery was left open, exposed, and unguarded, to the knowledge of the defendant. The turntable itself was dangerous.

In *Peters* v. *Bowman*, 115 Cal. 349, the court said:

"The rule of the *Turntable Cases* is an exception to the general principle that the owner of land is under no legal duty to keep it in a safe condition for others than those whom he invites there, and that trespassers take the risk of injuries from ordinary visible causes; and it should not be carried beyond the class of cases to which it has been applied."

Even in some of these *Turntable Cases* it is held that railroad cars are not dangerous machines, and attractive to children, within the meaning of those cases. Elliott, R. R. § 1260, says that this is regarded as the true rule. In *Railroad Co.* v. *Stout*, 17 Wall. 657, the court charged the jury that: "If the turntable in question, in its construction and the manner in which it was left, was not dangerous in its nature, the defendant was not liable for negligence." The car in question in the present case was not dangerous in its construction. It was a plain car, with four wheels, with no machinery about it. It had no

brake, but was a small platform car. It is true that it stood upon a track where it might be moved by several children applying their united strength. Several children might, in the same way, move a wagon or carriage left beside the highway. We apprehend that no claim of negligence could be sustained against the owner of such a vehicle if one of the children climbing upon it should fall off and be run over, even if the wheels were left without blocking. In *Robinson* v. *Railway Co.*, 7 Utah, 493 (13 L. R. A. 765), it appeared that a hand-car had been left beside the track. Some boys had lifted it upon the track, and were running it back and forth, when plaintiff, being attracted by it, went there, and was injured by jumping or falling from it while in motion. The boys had used this car eight or ten times before, with the permission of the "boss," while the men were there at work; but he had never given them such permission while the men were not at work. This car weighed six or seven hundred pounds. It was held that the car was not a thing dangerous in itself, and that the company was not negligent in leaving it unlocked beside the track. In the present case, assuming that the defendant left the car without sufficient blocking, it must be held that plaintiff could not maintain this action, for the reason that there is nothing in the case showing or tending to show any negligence on the part of the defendant.

It is not necessary to determine whether the plaintiff was guilty of contributory negligence, or whether that question was properly left to the jury. Neither is it necessary to say that the plaintiff was a trespasser in going upon the track there, which was laid along the highway. It is proper, however, to say that she was a trespasser in any attempt to use this car. The defendant had just as much right to leave this car where it did as a farmer would have to leave his wagon or carriage upon his own side of the highway, and no one would have the right to move it, except upon the claim that it impeded public travel. The

car being rightfully left where it was upon the track, and not being a thing dangerous in itself, the court should have directed the verdict in favor of the defendant.

Judgment below must be reversed. No new trial will be ordered.

The other Justices concurred.