[S. F. No. 4378.   Department One.—May 15, 1908.]

SUMNER CAHILL, by P. Cahill, Guardian ad Litem, Appellant, v. E. B. & A. L. STONE & CO., and ATCHISON, TOPEKA AND SANTA FE RAILROAD COMPANY, Respondents.

NEGLIGENCE—DANGEROUS PUSH-CAR LEFT UNGUARDED—KNOWN USE BY CHILDREN—INJURY TO BOY—SUFFICIENT COMPLAINT.—A complaint by a young boy of twelve years of age for injuries alleged to have been sustained by the negligence of the defendants in leaving a push-car unguarded and unlocked standing on rails on a public street, which alleges that children were accustomed to play thereon with the knowledge and consent of the defendants, and that plaintiff had his foot crushed while endeavoring to stop the car while in motion, states a cause of action, and a general demurrer thereto was improperly sustained.

ID.—DUTY TO USE ORDINARY CARE TO PREVENT INJURY TO CHILDREN—IMPUTED KNOWLEDGE.—Those who place an attractive but dangerous contrivance in a place frequented by children, and knowing or having reason to believe that children will be attracted to it and subjected to injury thereby, are chargeable with knowledge that they are usually unable to foresee, comprehend, and avoid the danger into which they permit them to be allured, and owe the duty to use ordinary care to prevent injury to them.

ID.—CONTRIBUTORY NEGLIGENCE PRECLUDED ON DEMURRER.—Where the complaint alleged that the plaintiff was too young and inexperienced to foresee the danger, the question of contributory negligence on his part is precluded, where the defendants rest upon their demurrer to the complaint.

ID.—AGE OF ACCOUNTABILITY FOR CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.—There is no precise age at which, as matter of law, a child is to be held accountable for all his actions to the same extent as one of full age. There is no conclusive presumption that a twelve-year-old boy was able to foresee the danger attending his

action which led to his injury, as against an admitted averment to the contrary. The question is one of fact, to be shown by the evidence.

ID.—CONTRIBUTORY NEGLIGENCE MATTER OF DEFENSE. — Contributory negligence is matter of defense where it does not appear upon the face of the complaint, or by the evidence for the plaintiff.

APPEAL from a judgment of the Superior Court of Alameda County. Henry A. Melvin, Judge.

The facts are stated in the opinion of the court.

Haven & Haven, and Robert C. Porter, for Appellant.

Reed & Nusbaumer, and B. H. Griffins, for Respondents.

SHAW, J.—The defendants separately demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrers were sustained without leave to amend, judgment was given for the defendants thereon and plaintiff appeals.

The action is to recover damages for injuries sustained, alleged to have been caused by the negligence of the defendants. The only questions presented are whether or not the facts show that the defendants were chargeable with neglect of any duty owing by them to plaintiff, and whether or not the facts stated show that the neglect of the plaintiff caused or contributed to his injury. The following is a statement of the facts alleged.

The plaintiff, at the time of the accident, was twelve years of age. The defendants were constructing a railroad track in and upon one of the public streets in the city of Oakland. The track was laid to a point near the crossing of 56th Street. It was placed in a trench some two feet deep with sharp banks on each side situated about two feet distant from the rails. A push-car heavily loaded with steel rails was, by the defendants, negligently left standing on this track in the street, unguarded by any person, uninclosed, unlocked, and unfastened, without any brake or device for stopping it when started. It was of such weight that when put in motion, even on a very slight grade, it could not be readily stopped. The grade of the track at that point descended slightly toward

56th Street.  This was in the center of a populous residence
district of the city where many children lived.  The lots
abutting the street opposite where the car stood were not in-
closed and children were accustomed to congregate there for
play.  On that day, and during all the time of the construc-
tion of the roadbed and track, children from five to fourteen
years of age, with the knowledge and consent of the defend-
ants, were accustomed to congregate upon and around said
push-car and play upon said car, and defendants then well
knew of the danger from said car and track to children in
that vicinity.  The plaintiff lived with his parents about two
hundred and fifty yards distant from the point where the
car was left on the track.  Other children at play on said
push-car had put it in motion.  "Plaintiff was then and there
attracted to said car by its said condition and appearance
and said surroundings as a place of play, and said plain-
tiff was then and there too young and inexperienced to fore-
see the danger therefrom, and plaintiff then and there got
upon said car with said other children" and in the course of
his play upon the said car, and in an attempt to stop it as
it was running down the rails upon which it had been left
standing by the defendants, he was caught between the side
of the car and the bank of said trench and his foot was
thereby thrown beneath the car wheel and badly crushed.
He sues for the damage resulting from this injury.

The contrary not being alleged, it is to be assumed that
the defendants had the lawful right, under permission from
the proper public authorities, to lay its track in the streets
and leave the push-car standing thereon.  The car being thus
rightfully in the street, the plaintiff had no right to go upon
it, or to interfere with it in any way, without the consent of
the defendants.  He would have been, with respect to the car,
technically a trespasser, except for the allegation that chil-
dren were accustomed to play upon it with the knowledge and
consent of the defendants.

We cannot perceive wherein the case presented by the com-
plaint, its absolute truth being unqualifiedly admitted by the
demurrer, is to be distinguished from the line of decisions
commonly known as the "turn-table cases."  These cases rest
upon the same general principle as those which hold liable
the owner of premises over which is a path which, with his

knowledge and consent, is frequented by the public, and in which he places a dangerous and concealed obstruction which causes injury to a person passing along the path. (See 37 Cent. Dig. Cols. 390 to 393, for citations.) For like reasons, one who places an attractive but dangerous contrivance in a place frequented by children, and knowing, or having reason to believe, that children will be attracted to it and subjected to injury thereby, owes the duty of exercising ordinary care to prevent such injury to them, and this because he is charged with knowledge of the fact that children are likely to be attracted thereto and are usually unable to foresee, comprehend, and avoid the danger into which he thus knowingly allures them. The leading case on this subject in this state is *Barrett* v. *Southern Pacific Co.*, 91 Cal. 302, [25 Am. St. Rep. 186, 27 Pac. 666], where it was said: "If defendant ought reasonably to have anticipated that leaving this turn-table unguarded and exposed, an injury such as plaintiff suffered was likely to occur, then it must be held to have anticipated it, and was guilty of negligence in thus maintaining it in its exposed position. . . . A child of immature years is expected to exercise only such care and self-restraint as belongs to childhood, and a reasonable man must be presumed to know this and required to govern his actions accordingly. . . . And it has been held in numerous cases to be an act of negligence to leave unguarded and exposed to the observation of little children dangerous and attractive machinery which they would naturally be tempted to go about or upon, and against the danger of which action their immature judgment opposes no warning or defense." (Citing cases.) The same doctrine was affirmed in *Callahan* v. *Eel River etc. R. Co.*, 92 Cal. 89, [28 Pac. 104]. (See 21 Am. & Eng. Ency. of Law p. 474, for a full citation of cases.) The rule, of course, is not to be confined to turn-tables, but applies to any attractive and dangerous machinery so placed. (1 Kinkead on Torts, sec. 26; 2 Cooley on Torts, 3d ed., p. 1270.)

It is true that in this state the rule has been strictly limited to the particular character of cases mentioned in the Barrett case. In *Peters* v. *Bowman*, 115 Cal. 349, [56 Am. St. Rep. 106, 47 Pac. 113, 598], wherein it was held that the owner of a lot was not liable for the death of a boy drowned in a pond on his premises, Mr. Justice McFarland,

speaking of the so-called "turn-table cases," says: "The rule as thus applied rested on the ground that the immature judgment of a young child could not well determine or provide against the danger of meddling with such machinery, and that, therefore, the railroad company was liable for legal negligence in erecting it and leaving it exposed as an attraction to children, and a temptation to them to intermeddle with it." It is further stated that the principle of these "turn-table cases," while well established in this state, is an exception to the general rule that the owner of land is under no legal duty to keep it in safe condition for others than those whom he invites there.

It is claimed by the respondents that later cases have practically repudiated the rule. An examination of the decisions, however, discloses the fact that in each case there was some feature by which it is distinguishable from cases similar to *Barrett* v. *Southern Pacific Co., supra,* and also from the case at bar. The case of *George* v. *Los Angeles Railway Co.,* 126 Cal. 357, [77 Am. St. Rep. 184, 58 Pac. 819], is much relied upon as a case holding to the contrary. It is somewhat difficult to agree to the statement made in that case that the two instructions there considered were not contradictory of each other, but conceding that they are not conflicting, it is apparent that the instruction chiefly relied on by respondents included some acts of due care on the part of the defendants in that case which do not appear to have been exercised by respondents here. In that case a boy was injured while playing upon trailer cars allowed by the defendant to stand on the railroad track in a street in the city of Pasadena. The jury were instructed that if they found that the cars were held by brakes of the ordinary kind set in a manner to hold them unless loosened by some one, and that the only danger connected with the car was one open to the observation and which could be comprehended by a boy of plaintiff's age and of average intelligence the plaintiff could not recover. One of the conditions of the instruction was that the jury should find, as it did, that the defendant had exercised care and set the brakes so that the car would be held in place. In the present case the allegation is that the car was negligently left unguarded, uninclosed, unlocked, and unfastened. The distinction is pointed out in *Loftus* v. *Dehail,* 133 Cal. 217,

[65 Pac. 379]. It is that the "turn-table cases" rest in part upon the proposition that the danger created by the act of the owner could be easily removed by the simple device of locking or fastening the dangerous machinery and that while the owner of such machinery is not held to the exercise of great care in protecting it against the trespasses of children, it is required to exercise ordinary care to that end. In *Studer* v. *Southern Pacific Co.*, 121 Cal. 404, [66 Am. St. Rep. 39, 53 Pac. 942], the court was not considering the effect of the allegations of a complaint admitted to be true by a demurrer and averring that the defendant was negligent and that the child was too young and inexperienced to foresee the danger, but was considering the conceded fact that the boy was of ordinary capacity and intelligence and the undisputed evidence which the trial court had held sufficient to establish contributory negligence on his part. Many other cases are cited by the respondents in which similar questions arising upon the evidence were considered and in which it was held that, under the proof made, the child was guilty of contributory negligence either in exposing himself to the danger, or in failing to avoid it. (*Tucker* v. *New York etc. Co.*, 136 N. Y. 668, [33 N. E. 335]; *Merryman* v. *Chicago etc. Co.*, 85 Iowa, 634, [52 N. W. 545]; *Carson* v. *Chicago etc. Co.*, 96 Iowa, 583, [65 N. W. 831]; *Brown* v. *European etc. Co.*, 58 Me. 384; *Twist* v. *Winona etc. Co.*, 39 Minn. 164, [12 Am. St. Rep. 626, 39 N. W. 402]; *Kaumeier* v. *City Electric Ry. Co.*, 116 Mich. 306, [72 Am. St. Rep. 525, 74 N. W. 481].) It is, of course, possible in any case that the evidence may show that a child of twelve years of age is guilty of contributory negligence. It is not at all improbable that the evidence in this case would be strongly to that effect. The defendants did not see fit to await the coming in of the evidence, but interposed a demurrer which admits the truth of the allegations of the complaint. The cases involving a consideration of the effect of undisputed evidence showing negligence on the part of the child or evidence upon which a jury has so decided, are not applicable to the present case.

It is contended that the car was not in itself dangerous, and *Kaumeier* v. *City Electric Ry. Co.*, 116 Mich. 306, [72 Am. St. Rep. 525, 74 N. W. 481], is cited as holding this

proposition. It may be admitted that such a car would not be dangerous when not in motion. The same is generally true of any ordinary machinery. But we cannot agree to the proposition that a car set upon rails, upon which it may easily be moved by children, and of sufficient weight to crush a person over whose body it might pass, is not a dangerous thing for children to be allowed to play with. They have an instinctive desire to see machinery in motion and take delight in riding and if they have access to anything upon wheels they will usually set it going if able to do so, especially if they can ride upon it themselves. In the "turn-table cases" the turn-table would be harmless if left at rest. The danger arises from the propensity of children to set it in motion. The car in question was dangerous for the same reason.

It is claimed that as the boy was twelve years of age he must be considered capable of exercising care for his own protection and chargeable with negligence to the same extent as a mature person. There is no precise age at which, as a matter of law, a child is to be held accountable for all his actions to the same extent as one of full age. (*Consolidated etc. Ry. Co.* v. *Carslon,* 58 Kan. 66, [48 Pac. 635].) In that case it is said: "The question as to the capacity of a particular child at a particular time to exercise care in avoiding a particular danger, is one of fact, falling within the province of a jury to determine." The child there referred to was ten years of age. In *Biggs* v. *Consolidated etc. Wire Co.,* 60 Kan. 223, [56 Pac. 4], the same rule was applied to a boy of fourteen years, the court saying: "We cannot say, as a matter of law, at what age a boy would be possessed of such intelligence, foresight and judgment as to charge him with contributory negligence in a case like the present." In the case at bar the question of plaintiff's possession of sufficient intelligence and foresight is foreclosed, so far as the pleading is concerned, by the allegation that "he was too young and inexperienced to foresee the danger." It may be conceded that many boys of the age of twelve years would have perceived the danger attending the acts of the plaintiff which led to his injury. There is, however, no conclusive presumption that a twelve-year-old boy is able to foresee such danger, or that he has sufficient wisdom to avoid it. The question is one of fact to be shown by the evidence and is not to be presumed in the

CLIII Cal.—37

face of an averment to the contrary. (*Jenson* v. *Will & Fink Co.*, 150 Cal. 408, [89 Pac. 113] ; *Foley* v. *California H. Co.*, 115 Cal. 190, 194, [56 Am. St. Rep. 87, 47 Pac. 42].) If the defendants had gone to trial and awaited the production of evidence upon the subject, it may be that contributory negligence would have been clearly shown. But by the allegations of the complaint, upon which they chose to rest their case, no such negligence appears. Contributory negligence is matter of defense, where it does not appear upon the face of the complaint, or by the evidence for the plaintiff.

The judgment is reversed.

Angellotti, J., and Sloss, J., concurred.