[Sac. No. 2174. Department Two.—March 31, 1915.]

ANGELO NICOLOSI, a Minor, by L. Nicolosi, His Guardian Ad Litem, Appellant, v. T. E. CLARK, Respondent.

NEGLIGENCE—INJURY TO TRESPASSING CHILD THROUGH EXPLOSION OF DYNAMITE—LEAVING DYNAMITE IN OPEN BOX IN CITY STREET.—A street contractor lawfully engaged in excavating a sewer trench in a street of a municipality, is not liable for personal injuries suffered by a boy of ten years of age, and of normal intellect and understanding, resulting from the explosion of a dynamite cap taken by him from a small box contained in a large tool-box which the contractor had left standing open in the street within a few feet of the sidewalk. Under such circumstances the boy was guilty of an unwarranted trespass, barring his right of recovery.

ID.—QUESTION OF NEGLIGENCE WHEN ONE OF LAW—FACTS APPEARING IN COMPLAINT.—In an action to recover for such injury, the mere fact that the plaintiff is of tender years does not require that the alleged cause of action be submitted to the jury to determine whether or not the plaintiff, through negligence or other cause, was himself so in fault as to destroy his right of action. Where the facts are set forth in the complaint, the question is one of law, and if the complaint clearly establishes plaintiff's negligence in point of law, a demurrer thereto is properly sustained.

APPEAL from a judgment of the Superior Court of Sacramento County. C. N. Post, Judge.

The facts are stated in the opinion of the court.

John C. March, for Appellant.

John W. Johnston, for Respondent.

HENSHAW, J.—The complaint charged that the defendant was a street contractor, and in pursuance of his business was engaged under a contract with the city of Sacramento in excavating a sewer trench in one of the streets of that city; that during the progress of this work the roadbed and sidewalks were open to the traveling public; that in the prosecution of his work defendant kept upon this street a large box used for storing tools and implements; that this box was standing within three feet of the sidewalk; that there was kept in this large box a small box containing dynamite caps; that plaintiff, passing along the street, saw the large box

and "being a child of tender years, to wit, of the age of ten years, and being attracted by the said open box, and being prompted by childish curiosity, said plaintiff approached the said open box and took therefrom the said small box containing said dynamite caps, and said plaintiff being wholly ignorant of the dangerous character and composition of said dynamite caps and without fault or negligence on his part, took from the small box one of the said dynamite caps and while handling the same the said dynamite cap exploded with great force and violence; and by the explosion greatly bruised, maimed and injured plaintiff." To this complaint a general demurrer was interposed and sustained. From the judgment which followed plaintiff appeals.

The mere fact that plaintiff in such an action as this is of tender years does not require that the alleged cause of action be submitted to the jury to determine whether or not the plaintiff, through negligence or other cause, was himself so in fault as to destroy his right of action. Where the facts, as here, are set forth in the complaint, the question is one of law. If the complaint clearly establishes plaintiff's negligence in point of law the demurrer was properly sustained. If the complaint does not do this, or even if it be reasonably debatable whether it does so or not, the question is one for the jury. (*Nagle v. California Southern R. R. Co.*, 88 Cal. 86, [25 Pac. 1106]; *Studer v. Southern Pacific Co.*, 121 Cal. 404, [66 Am. St. Rep. 39, 53 Pac. 942]; *Bresette v. E. B. & A. L. Stone Co.*, 162 Cal. 74, [121 Pac. 312].)

The contention of respondent upon this appeal is that the complaint itself shows such contributory negligence as to destroy plaintiff's right of action, even assuming that the placing of an open box for tools and appliances away from the sidewalk and on a highway in which street work was in progress, was a negligent act of defendant. This court has so recently, in *Cahill v. E. B. & A. L. Stone & Co.*, 153 Cal. 571, [19 L. R. A. (N. S.) 1094, 96 Pac. 84], entered into an elaborate consideration of the general question, that nothing further is necessary than a reference to that case. It is sought to bring this case within the principle of the turn-table cases, the attractive machinery case, and the attractive nuisance cases, a principle which has been applied in such cases as *Barrett v. Southern Pacific Co.*, 91 Cal. 302, [25 Am. St. Rep. 186, 27 Pac. 666], and *Pierce v. United Gas & Elec-*

*tric Co.*, 161 Cal. 176, [118 Pac. 700]. To the contrary, however, the governing principle here is that declared in such cases as *Peters* v. *Bowman*, 115 Cal. 349, [56 Am. St. Rep. 106, 47 Pac. 113], and *Loftus* v. *DeHail*, 133 Cal. 214, [65 Pac. 379]. In the first of these, water had accumulated upon a vacant lot. Plaintiff, a child, playing in this water, was drowned. The child was a trespasser, and it was held that defendant owed no duty to guard his lot against such trespassers. In the latter, there was an open cellar upon a vacant lot. A child playing about the edge of it was pushed or fell in. It was declared that the fact that the lot was attractive to children as a playground did not cast a duty upon the owner of the lot to guard the cellar against trespassers. In *Cahill* v. *E. B. & A. L. Stone & Co.*, 153 Cal. 571, [19 L. R. A. (N. S.) 1094, 96 Pac. 84], it was declared that the child injured in playing about a push-car upon the track of defendant would have been a trespasser except for the allegation that "children were accustomed to play upon it with the knowledge and consent of the defendant."

In the case at bar the plaintiff was clearly guilty of trespass, if not of peculation. If a boy of ten years of age is not chargeable with knowledge that he has no right to make free with the contents of a box placed such as this, manifestly a box belonging to other people and containing their goods. it can only be because that particular boy is of deficient intellect and understanding. But this is not alleged. Not being alleged, we hold it plain as a proposition of law, that he was guilty of an unwarranted trespass, barring his right of recovery.

The judgment appealed from is, therefore, affirmed.

Lorigan, J.. concurred.

MELVIN, J., concurring:—I concur in the judgment but I do not wish to be understood as unqualifiedly approving the decision of Department One of this court in *Cahill* v. *E. B. & A. L. Stone & Co.*, 153 Cal. 571, [19 L. R. A. (N. S.) 1094, 96 Pac. 84]. As a judge of the superior court I sustained the demurrer to the complaint in that case, and while having great respect for the learning and ability of the justices who rendered that opinion—a respect which has continued and grown through years of intimate association with

them, I have not been able to agree with their conclusion that the facts pleaded in that complaint brought the case within the principle of the "turntable cases." I thoroughly agree with Mr. Justice Henshaw in his conclusion that a normal boy of ten years knows that it is wrong for him to appropriate another's property, and I also believe that a boy of twelve, having average intelligence, fully realizes the danger of playing on a loaded flat car. In the general discussion of law contained in the opinion in *Cahill* v. *E. B. & A. L. Stone & Co.*, I concur. I simply do not think that the facts set forth in that case justify the application of the rule in the "turntable cases." In *Cahill* v. *E. B. & A. L. Stone & Co.*, 167 Cal. 141, [138 Pac. 712], I concurred only in the affirmation of the order granting a new trial.