[Civ. No. 4325.    Second Appellate District, Division Two.—January 9, 1924.]

ELDEN BRADLEY, a Minor, etc., Appellant, v. J. C. THOMPSON, Respondent.

[1] NEGLIGENCE — ATTRACTIVE NUISANCES — PLEADING — PROOF.—The doctrine of the turntable and attractive nuisance cases is an exception to the general rule that a property owner owes no duty to trespassers, except not willfully or intentionally to inflict an injury upon them; and inasmuch as the injury caused by the offending instrumentality in this class of cases is the result of a trespass committed by the child, it is incumbent upon the plaintiff to obviate what otherwise would be the legal consequences of the trespass by alleging and proving all the facts which are necessary to remove the effect of the trespass as an objection to a recovery.

[2] ID.—EXPLOSION OF PURLOINED DYNAMITE CAP—INJURY TO BOY—
IGNORANCE OF MORAL TURPITUDE INVOLVED—PLEADING.—In this
action for damages for personal injuries suffered by plaintiff, a boy
eleven years of age, as the result of the explosion of a dynamite
cap which he had taken from a tin box found by him on defend-
ant's premises, the complaint having shown that plaintiff com-
mitted, not only a technical trespass upon defendant's premises,
but also an act of grave moral turpitude by appropriating
defendant's property, such complaint should also have contained
some averment which would have sufficed to show that plaintiff
was ignorant of the moral turpitude involved in. his conduct—
such an averment, for example, as that he was deficient in under-
standing that, therefore, he did not realize the culpability of his
conduct in making free with another's property.

[3] ID. — USE OF DANGEROUS INSTRUMENTALITY — KNOWLEDGE OF
OWNER.—To make out a case of negligence on the part of the
defendant in this class of cases facts must be alleged showing
that the defendant knew, or ought to have known, that children
of the class to which the plaintiff belongs would be likely to use
the dangerous instrumentality in the manner which caused the
injury; and the question in every case is whether the injury
might have been anticipated or foreseen had the defendant
exercised the care and forethought of a reasonably prudent
person.

[4] ID.—ATTRACTIVE CHARACTER OF DYNAMITE CAPS—LACK OF MORAL
DISCERNMENT IN BOYS—KNOWLEDGE—PLEADING.—In this action
for damages for personal injuries suffered by plaintiff, a boy
eleven years of age, as the result of the explosion of a dynamite
cap which he had taken from a tin box found by him on defendant's
premises, not only was the complaint deficient in failing to allege
that defendant knew or had reason to believe that the caps
would prove attractive to boys of plaintiff's age and mental
capacity, but it was also deficient in failing to allege that de-
fendant knew or had reason to believe that children of the class
to which plaintiff belongs would be so lacking in moral discern-
ment as to be tempted to purloin these dynamite caps.

APPEAL from a judgment of the Superior Court of
Ventura County. Merle J. Rogers, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

2. Liability for injury to children from explosives left acces-
sible to them, notes, 67 Am. St. Rep. 134; 5 Ann. Cas. 503; 14
L. R. A. (N. S.) 586; 24 L. R. A. (N. S.) 1257; 42 L. R. A.
(N. S.) 840; L. R. A. 1917A, 1295.

Raymond W. Stewart and Lyle W. Rucker for Appellant.

Drapeau, Orr & Gardner for Respondent.

FINLAYSON, P. J.—Plaintiff, a boy eleven years of age, brought this action to recover damages for injuries alleged to have been caused by defendant's negligence. He claims that his asserted right of recovery is justified by the doctrine of the turntable and attractive nuisance cases. Defendant demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained, judgment for defendant was entered accordingly, and plaintiff appeals.

The complaint alleges in substance the following: Plaintiff was injured as the result of the explosion of a dynamite cap which he had taken from a tin box found by him on defendant's premises—a parcel of land about one-quarter of a mile north of the town of Moorpark, Ventura County, and upon which defendant intended planting apricot trees. A quantity of dynamite caps had been purchased by defendant for the purpose of blasting holes in his land in which to plant the trees. A number of the caps having been thus used by defendant, the unused ones were deposited in a brass colored tin box which defendant caused to be placed on one of the crossbeams, about three feet from the ground, which supported a shed on his premises. The shed, which rested on posts reinforced by the crossbeams, was located a few feet from a public road along which plaintiff and other children and persons, with defendant's knowledge and consent, had been accustomed to travel for some time prior to the day on which the accident occurred. The tin box, so placed on the crossbeam with its dangerous contents, was about one foot in depth, was uncovered, unprotected, and unguarded. "Defendant, well knowing said dynamite caps to be dangerous and attractive to children, negligently placed . . . [them] upon the said cross beam . . . and within easy reach of pedestrians traveling upon said road." Plaintiff, while traveling along the public road for the purpose of delivering a newspaper at defendant's house, "was attracted by said tin box containing said dynamite caps, because of its color, condition, appearance and surroundings." It is not alleged that plaintiff was upon defendant's

premises with the latter's knowledge and consent. The allegation is that plaintiff and other children and persons "traveled along said road" with defendant's knowledge and consent. It is alleged that plaintiff, a lad of eleven years, "was then and there too young and inexperienced to foresee the danger which might result from said dynamite caps contained in said tin box," and that he was "wholly ignorant of the dangerous character and composition" thereof. He took some of the caps from the box while it rested on the crossbeam, and in the course of his play one of the caps exploded, causing the injuries for which he seeks damages.

Appellant, as we have stated, claims that the case presented by his complaint is within the principle of the turnable and attractive nuisance cases—a principle which has been applied in such cases as *Barrett* v. *Southern Pac. Co.*, 91 Cal. 296 [25 Am. St. Rep. 186, 27 Pac. 666], *Cahill* v. *Stone etc. Co.*, 153 Cal. 571 [19 L. R. A. (N. S.) 1094, 96 Pac. 84], *Pierce* v. *United Gas & Electric Co.*, 161 Cal. 176 [118 Pac. 700], and *Faylor* v. *Great Eastern etc. M. Co.*, 45 Cal. App. 194 [187 Pac. 101]. The doctrine has been stated in the following terms: "One who places an attractive but dangerous contrivance in a place frequented by children, and knowing, or having reason to believe, that children will be attracted to it and subjected to injury thereby, owes the duty of exercising ordinary care to prevent such injury to them, and this is because he is charged with knowledge of the fact that children are likely to be attracted thereto and are usually unable to foresee, comprehend and avoid the danger into which he thus knowingly allures them." (*Cahill* v. *Stone, supra.*)

[1] The doctrine of the turntable and attractive nuisance cases is an exception to the general rule that a property owner owes no duty to trespassers except not willfully or intentionally to inflict an injury upon them. Inasmuch as the injury caused by the offending instrumentality in this class of cases is the result of a trespass committed by the child, it is incumbent upon the plaintiff to obviate what otherwise would be the legal consequences of the trespass by alleging and proving all the facts which are necessary to remove the effect of the trespass as an objection to a recovery. From the complaint in this case it appears that plaintiff was a trespasser upon defendant's premises and that he purloined the

dynamite caps; also that but for such trespass and misappropriation of the caps he would not have been injured. It behooves plaintiff, therefore, to allege all the facts necessary to remove that objection to a recovery and thus bring his case within the principle of the attractive nuisance cases. If his complaint does not allege every fact necessary to obviate the consequences of his own tortious conduct, it fails to remove the objection that his own fault or negligence was a proximate, contributory cause of his injuries. The question, therefore, is: Does plaintiff's complaint allege all the facts necessary to remove the effect of his own culpable conduct as a bar to a recovery?

In many, if not most, of the attractive nuisance cases the injury is the result of but a mere technical trespass upon the defendant's property, and the only wrong which the child commits is in the use of the dangerous instrumentality or appliance. That is to say, usually the injury occurs while the child is playing with or upon the turntable or other dangerous or attractive contrivance. It may well be expected that the sportive and playful instincts of children will cause them to be attracted to some object upon or about which they can play, even though they have to trespass upon private property in order to accomplish the object of their venturesome daring. For not only is it true that young children, as a rule, are unable to appreciate the perils embodied in dangerous contrivances to which they are attracted, but it is equally true that, generally speaking, such children, in their thoughtless eagerness for play, do not possess a lively sense of the moral tortiousness of their conduct if it does not exceed the limits of a mere technical trespass upon private property, i. e., if their conduct, though involving the unauthorized use of another person's property as a plaything, stops short of actual theft or of the unlawful misappropriation of the property of another.

[2] In the instant case there was in plaintiff's conduct something more than a mere technical trespass. Here the child, though eleven years old and presumably possessing the average understanding of a boy of that age, committed an act of grave moral turpitude by appropriating defendant's property. It may be conceded that had this element of wrongdoing been absent from the case, and had there been naught but a mere technical trespass upon defendant's

premises, all question as to plaintiff's immaturity of intelligence and foresight—such immaturity as would have sufficed to excuse his conduct and to avoid the consequences of his own thoughtless trespassing upon the property of another —would have been foreclosed by those averments in the complaint which allege, in substance, that plaintiff was attracted to the tin box because of its color, condition, appearance, and surroundings, and that he was "too young and inexperienced to foresee the danger" which might result from playing with the dynamite caps. (*Cahill* v. *Stone etc. Co.*, 153 Cal. 577 [96 Pac. 84].) But since the injury was the direct result of plaintiff's peculation as well as of his trespass upon defendant's land, the complaint should have contained some averment which would have sufficed to show that this eleven year old boy was ignorant of the moral turpitude involved in his conduct—such an averment, for example, as that he was deficient in understanding and that therefore he did not realize the culpability of his conduct in making free with another's property. True, a boy under fourteen years of age is *prima facie* presumed to be incapable of committing crime (Pen. Code, sec. 26); but this is a rule of evidence, not a rule of pleading, and it does not dispense with some allegation sufficient to show that the child did not appreciate the moral iniquity of his conduct where, as here, the complaint discloses that the injury was the result of his surreptitious taking of property which did not belong to him.

As we view the case it is ruled by the decision in *Nicolosi* v. *Clark,* 169 Cal. 746 [L. R. A. 1915F, 638, 147 Pac. 971]. There the plaintiff, a boy ten years of age, purloined dynamite caps from a toolbox which the defendant had left in a street where he had been lawfully engaged in excavating a sewer trench. There, as here, the complaint alleged that the child, being of tender years, was attracted by the open box and was prompted by childish curiosity; that he was "wholly ignorant of the dangerous character and composition of said dynamite caps"; and that, "without fault or negligence on his part," he took from the box "one of said dynamite caps, and while handling the same the said dynamite cap exploded" and injured him. The defendant demurred to the complaint upon the ground that it did not state a cause of action. The trial court sustained the demurrer, and our

supreme court, holding that the demurrer was properly sustained, expressed itself as follows: "The mere fact that plaintiff in such an action as this is of tender years does not require that the alleged cause of action be submitted to the jury to determine whether or not the plaintiff, through negligence or other cause, was himself so in fault as to destroy his right of action. Where the facts, as here, are set forth in the complaint, the question is one of law. If the complaint clearly established plaintiff's negligence in point of law, the demurrer was properly sustained. . . . In the case at bar the plaintiff was clearly guilty of trespass, if not of peculation. If a boy of ten years of age is not chargeable with knowledge that he has no right to make free with the contents of a box placed such as this, manifestly a box belonging to other people and containing their goods, it can only be because that particular boy is of deficient intellect and understanding. But this is not alleged. Not being alleged, we hold it plain, as a proposition of law, that he was guilty of an unwarranted trespass, barring his right of recovery."

[3] Moreover, the complaint in this case does not allege facts sufficient to charge defendant with negligence. To make out a case of negligence on the part of the defendant in this class of cases facts must be alleged showing that the defendant knew, or ought to have known, that children of the class to which the plaintiff belongs would be likely to use the dangerous instrumentality in the manner which caused the injury. The question in every case is whether the injury might have been anticipated or foreseen had the defendant exercised the care and forethought of a reasonably prudent person. (20 R. C. L., pp. 83, 84, tit. "Negligence," par. 73.) In *Gates* v. *Northern Pac. Ry. Co.,* 37 Mont. 103 [94 Pac. 751], Mr. Justice Holloway, in a carefully considered concurring opinion, says: "I think such land owner should be held liable to the injured child only in a case presenting all of the following facts: (1) That the injured child was too young and inexperienced to appreciate the danger, and was therefore incapable of contributory negligence. (2) That the injury was caused by an unguarded, dangerous machine, or other dangerous thing peculiarly attractive to children *of the class to which the injured one belongs.* (3) That the land owner impliedly

invited children *of that class* to come upon his premises.'' (Italics ours.) **[4]** In the instant case there is nothing in the complaint to justify the inference that defendant knew, or had reason to believe, that a boy of eleven years, of average intelligence and possessing the moral sense usual in a lad of that age, would enter defendant's close and purloin these dynamite caps. The only allegation respecting defendant's knowledge is that ''defendant, well knowing said dynamite caps to be dangerous and attractive to children,'' negligently placed them upon the crossbeam. It is not even alleged that defendant knew, or had reason to believe, that the caps would be attractive to children of plaintiff's class. They might be attractive to ''children,'' as the complaint alleges; they might be attractive to children of seven years or less, or even to some older children or to children of deficient mentality; and yet they might not be attractive to a normal boy of eleven years of age. It is not enough that defendant's conduct might have constituted negligence with respect to some children. To justify a recovery against this defendant facts must be alleged and proved which show that his conduct constituted negligence with respect to this particular boy and not with respect to some other child or children. But not only is this complaint deficient in failing to allege that defendant knew or had reason to believe that the caps would prove attractive to boys of plaintiff's age and mental capacity, it is deficient in failing to allege facts showing that defendant knew or had reason to believe that children of the class to which plaintiff belongs would be so lacking in moral discernment as to be tempted to purloin these dynamite caps. While the caps and the tin box in which they were contained were left in such a way that a thief might not find it difficult to reach them, it cannot be said, from the facts alleged, that defendant was bound to anticipate that a normal boy of the age of this plaintiff might surreptitiously appropriate what was so evidently the property of another.

The judgment is affirmed.

Works, J., and Craig, J., concurred.