SMOLENSKI *v.* COOKE ASPHALT PAVING CO.

1. NEGLIGENCE—INFANTS—DANGEROUS MACHINERY—HIGHWAYS AND STREETS.

Whether paving company, having knowledge of danger, was guilty of negligence in leaving cement cars unfastened in street, so that children playing with them caused injury to boy crossing street, *held,* question for jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Whether 10-year old boy was guilty of contributory negligence in crossing street being paved, near standing car used by paving company for transporting cement, left unfastened in street, and which was set in motion by children playing, resulting in his leg being crushed, *held,* question for jury.

3. SAME—TRESPASSERS—HIGHWAYS AND STREETS.

Ten-year old boy, who was injured by small cement car set in motion by playing children while he was crossing street being paved, in vicinity of his home, was not trespasser, where he was on errand at time, and was not meddling or interfering with paving company's property.

Error to Wayne; Moll (Lester S.), J. Submitted October 17, 1930. (Docket No. 97, Calendar No. 35,072.) Decided December 2, 1930. Rehearing denied February 27, 1931.

Case by Edward Smolenski, by his next friend, against Cooke Asphalt Paving Company, a Michigan corporation, for personal injuries. From directed verdict and judgment for defendant, plaintiff brings error. Reversed and remanded.

*George A. Porter* and *N. Calvin Bigelow,* for plaintiff.

*Trowbridge, Lewis & Watkins,* for defendant.

POTTER, J. Plaintiff, September 15, 1925, was about 10 years of age. He was struck by a car belonging to defendant, knocked down, his leg run over by the car and crushed. Plaintiff sues by his next friend to recover damages for his injuries.

Defendant was, at the time of plaintiff's injury, engaged in paving Hasse street in Detroit. In preparation for its work of laying concrete it built and operated a narrow-gauge railroad in the street to handle cement from the concrete mixer to the point of use. The cars were small, similar to those used in industrial work of this kind. They had no brakes. Defendant, recognizing their dangerous character, gave orders that such cars when not in use were to be chained to the track. Defendant's employees at the time of plaintiff's injury were not engaged in using the cars, which were left standing unfastened on the tracks in the street. The children in the neighborhood congregated about them, moving them about in play as they had repeatedly done prior to plaintiff's injury. Though the street was closed to vehicular traffic and barriers erected, the

sidewalks of the street were in use.  Plaintiff lived in the immediate vicinity.  At the time in question he attempted to cross the street to go to a near-by grocery store on an errand.  As he crossed defendant's tracks in the street back of a standing car, another car was shunted down by the playing children and bumped against the standing car, and by the sudden movement of the car which had been standing, plaintiff was knocked down and injured. The trial court directed a verdict for defendant, and plaintiff brings error.  Two questions are presented: Was defendant under the circumstances guilty of negligence?  If so, was the plaintiff guilty of such contributory negligence as to bar his right to recovery?

We think this case distinguishable from *Kaumeier* v. *Railway Co.*, 116 Mich. 306 (40 L. R. A. 385, 72 Am. St. Rep. 525).  There plaintiff was injured in playing about the car.  It was held that the car was rightfully left upon the track, and, not being at the time dangerous in itself, plaintiff could not recover. Here it is shown that children had repeatedly moved these cars about in play.  Defendant had given orders that when the cars were not in use they were to be chained to the tracks.  Plaintiff was not injured when playing around the cars.  He was injured in crossing the street by the sudden movement of a car left standing unfastened by defendant when he was pursuing his ordinary business and when defendant's cars were not in use.  Under the circumstances, it was a question for the jury whether defendant, having knowledge of the dangerous character of these cars when put in motion, and knowing from their being repeatedly put in motion someone might be injured thereby in permitting them to be left so that irresponsible parties might put them

in motion and cause injury to others, was guilty of negligence; and, considering plaintiff's age, that he was not playing about the cars, not contributing to their being placed in motion, but seeing the car which struck him standing still on the track unattended, it was, we think, a question for the jury whether plaintiff was guilty of contributory negligence in crossing the street near this standing car.

Plaintiff was not a trespasser. He was in the public street, and he was not meddling or wrongfully interfering with any of the defendant's property. *Kruis* v. *Railway Co.*, 190 Mich. 105; *Jaworski* v. *Detroit Edison Co.*, 210 Mich. 317. Judgment reversed, and the case remanded.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.