[No. 14331.    Department Two. — September 21, 1891.]

JOSEPH COIL BARRETT, BY HIS GUARDIAN, ETC., RESPONDENT, v. SOUTHERN PACIFIC COMPANY, APPELLANT.

NEGLIGENCE — DUTY OF OWNER OF PROPERTY — CARE FOR SAFETY OF OTHERS. — One must so use and enjoy his property as to interfere with the comfort and safety of others as little as possible, consistently with its proper use; and a failure on the part of the owner to observe this rule is, in respect to those who have a right to invoke its protection, a breach of duty, and in a legal sense constitutes negligence.

ID. — MAINTENANCE OF DANGEROUS MACHINERY — QUESTION OF FACT. — The question as to whether, in any given case, there has been negligence upon the part of the owner of property, in the maintenance thereon of dangerous machinery, is a question of fact for the jury, to be decided in view of the situation of the property and the attendant circumstances.

ID. — LEAVING TURN-TABLE UNGUARDED NEAR PUBLIC STREET — INJURY TO YOUNG CHILD. — Where a railroad company maintained a turn-table upon its premises near a public street of a town, and not far from where several families with small children resided, and it was neither protected by any inclosure nor guarded by any employee of the company, the company is liable for injuries received by a child eight years old, through playing upon it with other children while it was revolving.

ID. — DUTY TO ANTICIPATE INJURY TO CHILDREN — TRESPASS — CONTRIBU-
TORY NEGLIGENCE. — If the railroad company ought reasonably to have
anticipated that because of the leaving of its turn-table unguarded and
exposed, an injury to a child of immature years was likely to occur, it
will be held to have anticipated it, and was guilty of negligence in
maintaining it in its exposed condition; and the fact that a child injured
thereby was a trespasser, and would not have been hurt if it had not
intermeddled with the machinery, does not absolve the owner from lia-
bility therefor.

ID. — LATCHING OF TURN-TABLE — CUSTOM OF RAILROADS. — The fact that
the turn-table was latched, in the way such tables are usually fastened,
or according to the usual custom of other railroads, although a matter
for the jury to consider in passing upon the question as to whether the
company exercised ordinary care in the way it maintained the table, was
not, of itself, conclusive proof of the fact.

ID. — CONTRIBUTORY NEGLIGENCE OF OTHER CHILDREN. — The fact that the
turn-table was set in motion by the negligent act of other children does
not affect the liability of the railroad company.

ID. — CONTRIBUTORY NEGLIGENCE OF MOTHER OF CHILD — INSTRUCTIONS —
ORDINARY CARE — BURDEN OF PROOF — CIRCUMSTANCES — KNOWLEDGE
OF DANGER. — Where the evidence disclosed that the mother of the in-
jured child had no family but herself and children, and that she had
been accustomed to send him to gather coal around the round-house and
turn-table of the defendant, though she directed him otherwise on the
day of the accident, it is not error to charge the jury, upon the subject
of her contributory negligence, to the effect that to sustain such defense
they must find a want of ordinary care on her part as a parent, with re-
spect to the cause of the injury; that her failure to use more than ordi-
nary care in providing for the safety of her child would not defeat the
action; that the burden of proof of her negligence was upon the defend-
ant; that they might consider the evidence as to her condition and cir-
cumstances in determining the question as to her negligence; and that
if she did not know, or have reason to know, or anticipate or fear, the dan-
ger of the turn-table, she was not negligent in not providing against it.

APPEAL from a judgment of the Superior Court of
Orange County, and from an order denying a new trial.

The evidence showed that the family of the plaintiff's
mother consisted only of herself and her children, and
that she had been accustomed to send the plaintiff out
to gather coal around the round-house and turn-table of
the defendant, though he was not ordered to gather coal
on the day of the injury, but had been directed to wait
for her at a grocery-store on the corner of the street op-
posite the turn-table.   The second instruction, referred
to in the opinion of the court, related to alleged contrib-
utory negligence on the part of the plaintiff's mother,

and charged the jury, in substance, that for sustaining
such defense they must find a want of ordinary care on
her part as a parent, in respect to the cause of the injury;
that her failure to use more than ordinary care in pro-
viding for the safety of her child would not defeat the
action; that the burden of proof of her negligence was
upon the defendant; that they might consider the evi-
dence as to her condition and circumstances in deter-
mining the question as to her negligence; and that if
she did not know, or have reason to know, or anticipate
or fear, the danger of the turn-table, she was not negli-
gent in not providing against it.    Further facts are
stated in the opinion of the court.

*John D. Bicknell,* and *W. C. Belcher,* for Appellant.

The defendant was not guilty of negligence in main-
taining the turn-table as it did, as the turn-table was
necessary to carry on its business, and was fastened in
the usual and customary manner. The owner is under no
duty to a mere trespasser to keep his premises safe; and
the fact that the trespasser is an infant cannot have the
effect to raise a duty where none otherwise exists. (*Frost*
v. *Eastern R. R. Co.,* 64 N. H. 220; 10 Am. St. Rep. 396.)
The case of *Stout* v. *R. R. Co.,* 17 Wall. 657, holding to
the contrary, has been either restricted or departed from
in the more recent cases. (*Kolsti* v. *M. & St. L. R'y Co.,*
32 Minn. 133; *Twist* v. *Winona and St. Peter R. R. Co.,* 39
Minn. 164; 12 Am. St. Rep. 626; *McAlpin* v. *Powell,* 70
N. Y. 126; 26 Am. Rep. 555; *Wood* v. *Independent School
District,* 44 Iowa, 27; *Gillespie* v. *McGowen,* 100 Pa. St.
144; 45 Am. Rep. 365; *Gavin* v. *City of Chicago,* 97 Ill.
66; 37 Am. Rep. 99; *Galligan* v. *Metacomet Mfg. Co.,* 143
Mass. 527; *Central etc. R. R. Co.* v. *Henigh,* 23 Kan. 347;
33 Am. Rep. 167; *Klix* v. *Nieman,* 68 Wis. 271; 60 Am.
Rep. 854; *Bishop* v. *Union R. R. Co.,* 14 R. I. 314; 51
Am. Rep. 386; *Morrissey* v. *Eastern R. R. Co.,* 126 Mass.
377; 30 Am. Rep. 686; *Martin* v. *Cahill,* 39 Hun, 445;
*Chicago etc R'y Co.* v. *Eininger,* 114 Ill. 79.)    The second
instruction would naturally lead the jury to understand

that the degree of care required of the mother and child
was to be measured by her poverty and his peculiar
characteristics.   It cannot, we think, be seriously urged
that the business of the world must be conducted to meet
the peculiarities of individuals.   Appellant cited the fol-
lowing additional authorities: *Clark* v. *Manchester,* 62
N. H. 577; *Hargreaves* v. *Deacon,* 25 Mich. 1; *St. Louis
etc. R'y Co.* v. *Bell,* 81 Ill. 76; 25 Am. Rep. 269; *Vander-
beck* v. *Hendry,* 34 N. J. L. 467; *Mathews* v. *Bensel,* 51
N. J. L. 30; *Cusick* v. *Adams,* 115 N. Y. 55; 12 Am. St.
Rep. 772; *Murphy* v. *Brooklyn,* 118 N. Y. 575; *McAlpin*
v. *Powell,* 70 N. Y. 126; 26 Am. Rep. 555; *Bush* v. *Brain-
ard,* 1 Cow. 78; 13 Am. Dec. 513; *Curley* v. *Mo. Pac. R'y
Co.,* 98 Mo. 13; *McEachern* v. *Boston etc. Co.,* 150 Mass. 515;
*Lary* v. *Cleveland etc. R. R. Co.,* 78 Ind. 323; 41 Am. Rep.
572; *Pittsburg etc. R'y Co.* v. *Bingham,* 29 Ohio St. 364; 23
Am. Rep. 751; *Parker* v. *Portland Pub. Co.,* 69 Me. 173; 31
Am. Rep. 262; *Chicago etc. Co.* v. *McLaughlin,* 47 Ill. 265;
*Baltimore etc. Co.* v. *Schwindling,* 101 Pa. St. 258; 47 Am.
Rep. 706; *Gay* v. *Winter,* 34 Cal. 153; *Meeks* v. *S. P.
R. R. Co.,* 52 Cal. 602; *McQuilken* v. *C. P. R. R. Co.,* 64
Cal. 463; *Toomey* v. *S. P. R. R. Co.,* 86 Cal. 374, 381;
*Yik Hon* v. *S. V. W. W.,* 65 Cal. 619.

*Victor Montgomery,* and *Holloway & Kendrick,* for Re-
spondent.

Under the facts shown, the question of negligence of
the defendant was for the jury to decide. (*Jamison* v.
*S. J. & S. C. R. R. Co.,* 55 Cal. 596; *Schierhold* v. *N. B.
R. R. Co.,* 40 Cal. 453.)   The fact that the fastening or
latch used on the turn-table was the same used by other
railroad companies, although proper for the considera-
tion of the jury as to whether the defendant used ordi-
nary care, was not conclusive on that issue. (*O'Malley*
v. *St. P., M., & N. R'y Co.,* 43 Minn. 289; *Doyle* v. *R'y
Co.,* 42 Minn. 79.   See *O'Callaghan* v. *Bode,* 84 Cal. 493.)
The defendant was clearly negligent in maintaining
the turn-table as it did, and is liable to the plaintiff
for the injuries received by the child in consequence of

such negligence. (*Railroad* v. *Stout,* 17 Wall. 657, and cases cited; *Keffe* v. *R. R. Co.,* 21 Minn. 206; 18 Am. Rep. 393; *Harriman* v. *Pittsburg etc. R'y Co.,* 45 Ohio St. 11; 4 Am. St. Rep. 507; *Gulf, C., & S. F. R'y Co.* v. *Styron,* 66 Tex. 421; *Koons* v. *R'y Co.,* 65 Mo. 592; *Evansich* v. *G., C., & S. F. R. R. Co.,* 6 Am. & Eng. R. R. Cas. 182; 57 Tex. 126; 44 Am. Rep. 586; *Nagel* v. *R'y Co.,* 75 Mo. 653; 42 Am. Rep. 418; *R'y Co.* v. *Fitzsimmons,* 22 Kan. 686; 21 Am. Rep. 203; *Atch. & Neb. R. R. Co.* v. *Baty,* 10 Am. & Eng. R. R. Cas. 742; 6 Neb. 37; 29 Am. Rep. 356; *O'Malley* v. *St. Paul, M., & N. R'y Co.,* 43 Minn. 289; *Gulf, C., & S. F. R'y Co.* v. *McWhirter,* 77 Tex. 356; *Ilwaco R'y & Nav. Co.* v. *Hedrick,* 1 Wash. 446; 2 Rorer on Railroads, 1121; *Hydraulic Works Co.* v. *Orr,* 83 Pa. St. 332.) The fact that other and older boys concurred in bringing about the injury does not relieve the defendant from liability. (*Gulf, C., & S. F. R'y Co.* v. *McWhirter,* 77 Tex. 356; *Pastene* v. *Adams,* 49 Cal. 87.) The fact that the child was a trespasser did not relieve the company from liability. (*Molloy* v. *Hibernia S. & L. Soc.,* 21 Pac. L. Rep. 525; *Loveland* v. *Gardner,* 79 Cal. 320.)

DE HAVEN, J. — This is an action to recover damages for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. The plaintiff recovered a judgment for eight thousand five hundred dollars, and from this judgment, and an order denying its motion for a new trial, the defendant appeals.

It was shown upon the trial that defendant maintained a railroad turn-table upon its own premises in the town of Santa Ana. This table was about 150 yards from defendant's depot, and near its engine-house, and distant seventy-two feet from a public street. It was provided with a latch and slot, such as is in common use on such tables, to keep it from revolving, but it was not protected by any inclosure, nor did the defendant employ any person whose special duty it was to guard it. There were several families with small children residing

within a quarter of a mile from the place of its location, and previous to the time when plaintiff was hurt, children had frequently played around and upon it, but when observed by the servants of defendant were never permitted to do so. At the date of plaintiff's injury he was eight years of age, and on that day he, with his younger brother, saw other boys playing with the turntable, and, giving them some oranges for the privilege of a ride, got upon it, and while it was being revolved, his leg was caught between the table and the rail upon the head-blocks, and so severely injured that it had to be amputated. The defendant moved for a nonsuit, which motion was denied. This ruling of the court, and certain instructions given to the jury, present the questions which arise upon this appeal.

The appellant contends that it was not guilty of negligence in thus maintaining upon its own premises for necessary use in conducting its business the turn-table in question, and which was fastened in the usual and customary manner of fastening such tables; that the plaintiff was wrongfully upon its premises, and therefore a trespasser, to whom the defendant did not owe the duty of protection from the injury received; and that the court should have so declared, and nonsuited the plaintiff.

This view seems to be fully sustained by the case of *Frost* v. *Eastern R. R. Co.*, decided by the supreme court of New Hampshire, 64 N. H. 220; 10 Am. St. Rep. 396. But, in our judgment, the rule, as broadly announced and applied in that case, cannot be maintained without a departure from well-settled principles. It is a maxim of the law that one must so use and enjoy his property as to interfere with the comfort and safety of others as little as possible, consistently with its proper use. This rule, which only imposes a just restriction upon the owner of property, seems not to have been given due consideration in the case referred to. But this principle as a standard of conduct is of universal application, and the failure to observe it is, in respect to those

who have a right to invoke its protection, a breach of duty, and, in a legal sense, constitutes negligence. Whether, in any given case, there has been such negligence upon the part of the owner of property, in the maintenance thereon of dangerous machinery, is a question of fact dependent upon the situation of the property and the attendant circumstances, because upon such facts will depend the degree of care which prudence would suggest as reasonably necessary to guard others against injury therefrom; "for negligence in a legal sense is no more than this: the failure to observe, for the protection of the interests of another pers———that degree of care, precaution, and vigilance which the circumstances justly demand, whereby such other person suffers injury." (Cooley on Torts, 630.) The question of defendant's negligence in this case was a matter to be decided by the jury, in view of all the evidence, and with reference to this general principle as to the duty of the defendant. If defendant ought reasonably to have anticipated that leaving this turn-table unguarded and exposed, an injury such as plaintiff suffered was likely to occur, then it must be held to have anticipated it, and was guilty of negligence in thus maintaining it in its exposed position. It is no answer to this to say that the child was a trespasser, and if it had not intermeddled with defendant's property it would not have been hurt, and that the law imposes no duty upon the defendant to make its premises a safe playing-ground for children.

In the forum of law, as well as of common sense, a child of immature years is expected to exercise only such care and self-restraint as belongs to childhood, and a reasonable man must be presumed to know this, and required to govern his actions accordingly. It is a matter of common experience that children of tender years are guided in their actions by childish instincts, and are lacking in that discretion which is ordinarily sufficient to enable those of more mature years to appreciate and avoid danger, and in proportion

to this lack of judgment on their part, the care which must be observed toward them by others is increased. And it has been held in numerous cases to be an act of negligence to leave unguarded and exposed to the observation of little children dangerous and attractive machinery which they would naturally be tempted to go about or upon, and against the danger of which action their immature judgment opposes no warning or defense.

The following are some of the cases in which this has been held: *Railroad Co.* v. *Stout*, 17 Wall. 657; *Hydraulic Works* v. *Orr*, 83 Pa. St. 335; *Powers* v. *Harlow*, 53 Mich. 507; 51 Am. Rep. 154; *Nagel* v. *Mo. Pac. R'y Co.*, 75 Mo. 653; 42 Am. Rep. 418; *Koons* v. *Railway Co.*, 65 Mo. 592; *Railway Co.* v. *Fitzsimmons*, 22 Kan. 686; 21 Am. Rep. 203; *O'Malley* v. *St. Paul, M., & N. R'y Co.*, 43 Minn. 289; *Whirley* v. *Whitman*, 1 Head, 610.   These cases, we think, lay down the true rule.

The fact that the turn-table was latched in the way such tables are usually fastened, or according to the usual custom of other railroads, although a matter which the jury had a right to consider in passing upon the question whether defendant exercised ordinary care in the way it maintained the table, was not, of itself, conclusive proof of the fact.   (*Stout* v. *Railroad Co.*, 2 Dill. 294; *O'Malley* v. *St. Paul, M., & N. R'y Co.*, 43 Minn. 289.)

Nor is the liability of the defendant affected by the fact that the table was set in motion by the negligent act of other boys.   This is so held in some of the cases above cited, and the same principle was announced by this court in *Pastene* v. *Adams*, 49 Cal. 87, in which case it was held that a person who had negligently piled lumber, which had remained in that condition for a long time, was not exempt from damages sustained by one on whom it fell because the lumber was made to fall by the negligence of a stranger.

We see no error in the second instruction given at request of plaintiff.   The portion to which exception was

taken is not very well expressed, but we think, taken as a whole, the instruction states the law correctly.

Judgment and order affirmed.

McFARLAND, J., and BEATTY, C. J., concurred.