[L. A. No. 4470. Department One.—October 16, 1918.]

HAROLD MAYNE (a Minor), etc., Respondent, v. SAN DIEGO ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

NEGLIGENCE—FALL OF BOY IN FRONT OF PASSING STREET-CAR—DEFECTIVE ROADBED—SUFFICIENCY OF EVIDENCE.—In this action for damages for personal injuries sustained by a boy of the age of about eight years from being struck by one of defendant's cars while attempting to cross the street ahead of the car, it is held that there was ample evidence of defendant's negligence in respect to keeping the roadbed alongside of its tracks in repair, and that its negligence in that regard caused the plaintiff to stumble and fall in the path of the approaching car.

ID.—CONTRIBUTORY NEGLIGENCE—DISCRETION—APPEAL.—In an action for personal injuries to a child under the age of fourteen years, the submission to the jury of the question as to whether the contributory negligence of the child was such as to prevent recovery, is a matter of discretion with the trial court, and such discretion will not be disturbed on appeal, unless there be peculiar and exceptional conditions.

APPEAL from a judgment of the Superior Court of San Diego County. W. M. Conley, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Read G. Dilworth, E. S. Torrance, and E. Swift Torrance, for Appellant.

William G. Mirow, and Henning & McGee, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in plaintiff's favor, for the sum of five thousand dollars' damages, in an action for personal injuries alleged to have been caused by the negligence of the defendant. The accident out of which the plaintiff's injuries arose, occurred on Fifth Street about midway between B and C Streets, in the business portion of the city of San Diego. The time of its occurrence was about 4:45 o'clock in the afternoon of December 16, 1913. At that time, and for some years prior thereto, the defendant was engaged in operating an electric street railway system in said city, and on and along Fifth

Street therein having a double line of tracks on said street and running cars to and fro frequently thereon. Just prior to the accident the plaintiff, who was then a lad seven years and eight months old, following another boy of about the same age, undertook to cross from the west to the east side of Fifth Street about midway in the block between B and C Streets. The companion of the plaintiff, being in advance of him, succeeded in crossing safely, but the plaintiff was struck by one of the cars of the defendant and seriously injured. He alleges in his complaint that his injuries occurred through the negligence of the defendant's agents and employees in charge of said car, in operating the same at an excessive rate of speed and in failing to ring a bell or gong or sound a whistle or other warning of the near and dangerous approach of the car, and that he had no warning thereof. He also alleges that the portion of the pavement of the street lying next to and between the tracks of the defendant, and which it was its duty to keep in repair and flush with the street, under the ordinances of said city and the franchise of said defendant, it had negligently and carelessly permitted to remain out of repair and to become and be in a dangerous and defective condition; and that the plaintiff in his attempt to cross said street caught his foot in a rut or breach in that portion of said pavement thus out of repair, thereby causing him to stumble and fall in front of the approaching car, which ran against and over him with great force, causing the injuries complained of. He further alleges that the defendant was negligent in permitting the fender upon the car which struck him to be in a dangerous and defective condition, which fact further contributed to cause his injuries. The defendant denies that it was guilty of negligence in any of the respects asserted by the plaintiff and affirmatively avers that the plaintiff was guilty of contributory negligence which was the proximate cause of his injuries; and further alleges that the parents of the plaintiff were negligent in permitting him to go unattended by a proper custodian upon the streets of said city where the cars of the defendant were being operated, and that such negligence on their part proximately contributed to his injuries.

The appellant urges two main contentions upon this appeal: First, that there was no evidence to prove or tend to prove any negligence whatsoever on the part of the defendant or any of

its servants or employees.   Second, that the plaintiff's own contributory negligence was the proximate cause of his injuries.   As to the first of these propositions the record shows that upon the trial of the cause and at an early stage in the plaintiff's presentation of his case, a witness named W. S. King, who qualified as a civil engineer, was produced on plaintiff's behalf, who testified as to the condition of the pavement along and between the defendant's tracks at and near the place of the accident, stating that the roadway at these points was in bad condition; that there were depressions or holes in the pavement two feet wide, three or four feet long and two inches deep, the edges of which were rough where the asphalt was broken off by the wheels of traffic and that the pavement had been in this condition for many months. He presented a plat of that portion of the street illustrating his evidence in respect to its condition.   Another witness for plaintiff named McCoy, testified that he observed the state of the pavement on the morning after the accident occurred. That it was very rough and uneven; that there were places a foot and a half or so wide, the edges of which were curled up and rough and uneven along the rails, and that he noticed the blood spots upon the rails where the plaintiff had been struck and his arm crushed at the immediate point where these rough and uneven and curled up places were.   The plaintiff was about to produce other witnesses to the same effect when counsel for the defendant offered to admit "that for the period of a year before the happening of the accident and at the time of the accident, Fifth Street in this city between A Street on the north and Broadway or D on the south was out of repair, that is, the whole roadway was out of repair and in the same general condition described by the witness King and as shown by this diagram which has been introduced in evidence."   The diagram referred to was one drawn by King illustrating his evidence as to the condition of the defendant's roadway at the place of the plaintiff's injuries. The foregoing admission was suggested by the defendant and accepted by the plaintiff as obviating the need of further witnesses upon this branch of the plaintiff's case.   The plaintiff had already testified that he had stumbled and fallen at the place where he was struck by the car, and that it was the holes along the car track which caused him to stumble and fall.   In support of this testimony given by the plaintiff, the

witness Washburn testified that he saw the plaintiff at the time he fell, and that he saw his foot go down into one of the holes along the track when he stumbled and fell. It is a conceded fact that the state of the defendant's roadbed at the point of the plaintiff's injury was in violation of the terms of its franchise and of the ordinances of the city requiring it to keep its roadbed in repair. It is not contended that the plaintiff as a pedestrian did not have the right to cross the street at the place of his injury. In this state of the record it is idle to attempt to argue that there was not ample evidence of the defendant's negligence in respect to keeping the roadbed alongside its tracks in repair, and that its negligence in that regard caused the plaintiff to stumble and fall in the path of an approaching car, to have justified the court in submitting that issue under a proper instruction to the jury; and also to have justified the verdict of the jury in plaintiff's favor upon that issue. The defendant's offered instruction that "there is not sufficient evidence in this case to justify you in finding a verdict for the plaintiff. You are therefore directed by the court to return a verdict for the defendant" was therefore properly refused. Upon the other averments of the plaintiff's complaint as to the rate of speed at which the car was going just prior to the accident, and as to whether any warning signals of its approach had been given, and as to whether the cars of the defendant were equipped with suitable fenders, some testimony both ways was elicited, sufficient, in our opinion, to have justified the trial court in submitting these matters to the jury under proper instructions. We have examined the instructions which the trial court gave in respect to these several matters and find them to have been very full, fair, and clear, and that they more correctly state the law in relation to the matters covered by them than the defendant's offered and rejected instructions do; and hence that the latter were properly refused by the trial court.

The next point upon which the appellant relies is that of the plaintiff's contributory negligence. The appellant argues that upon the undisputed facts in the case contributory negligence is a matter of law to be imputed to the plaintiff, and hence that it was entitled to have its requested instruction given to the jury to return a verdict in the defendant's favor. We have examined the array of cases cited by the appellant in support of this view and we find that, with the exception

of a few scattered cases presenting peculiar and exceptional conditions, they show that as a rule courts upon appeal have not interfered with the discretion of trial courts in referring or in refusing to refer to juries the question as to whether the contributory negligence of children of the age of fourteen years or under was such as to prevent their recovery for injuries sustained by them.    This court in the case of *Cahill* v. *Stone & Co.*, 153 Cal. 571, [19 L. R. A. (N. S.) 1094, 96 Pac. 84], after review of the leading cases bearing upon this subject in this and other states, said: ''There is no precise age at which, as a matter of law, a child is to be held accountable for all his actions to the same extent as one of full age. (*Consolidated etc. Ry. Co.* v. *Carlson*, 58 Kan. 66, [48 Pac. 635].). In that case it is said: 'The question as to the capacity of a particular child at a particular time to exercise care in avoiding a particular danger, is one of fact, falling within the province of a jury to determine.'    The child there referred to was ten years of age.    In *Biggs* v. *Consolidated etc. Wire Co.*, 60 Kan. 223, [56 Pac. 4], the same rule was applied to a boy of fourteen years, the court saying: 'We cannot say, as a matter of law, at what age a boy would be possessed of such intelligence, foresight and judgment as to charge him with contributory negligence in a case like the present.'    In the case at bar the question of plaintiff's possession of sufficient intelligence and foresight is foreclosed, so far as the pleading is concerned, by the allegation that 'he was too young and inexperienced to foresee the danger.' It may be conceded that many boys of the age of twelve years would have perceived the danger attending the acts of the plaintiff which led to his injury.    There is, however, no conclusive presumption that a twelve year old boy is able to foresee such danger, or that he has sufficient wisdom to avoid it.''    The above ruling of the court was upon demurrer, but when the same case was again before this court after a trial and verdict for the plaintiff, wherein the same question was presented upon appeal, the court in commenting upon its former ruling and upon a further review of cases from other jurisdictions touching the subject stated that; ''while it is the general rule in regard to an adult or grown person that to entitle him to recover for an injury resulting from the fault or negligence of another, he must have been free from fault himself, it is not the general rule applied to the conduct

CLXXIX Cal.—12

of children.  Minors, as well as adults, are required to exer-
cise ordinary care, but it is well settled that the ordinary care
which a child is required to exercise must be determined by
a different rule than is applied in the case of adults.  The
care which a child is required to exercise is only that degree
of care which children of his maturity and capacity under
similar circumstances ordinarily exercise, and this, except in
a case where there can be no doubt under the evidence that
the child not only knew but at the time realized and appre-
ciated the danger of his conduct, is to be determined from the
circumstances of the particular case in which his conduct is
involved and under the evidence there presented to the jury.
The rule is clearly declared by this court on the former appeal
in this case heretofore referred to (*Cahill* v. *Stone & Co.*, 153
Cal. 571, [19 L. R. A. (N. S.) 1094, 96 Pac. 84]), as it has
often theretofore been declared.  On that appeal, it was said:
'There is no precise age at which, as a matter of law, a child
is to be held accountable for all his actions to the same extent
as one of full age.'  (*Consolidated etc. Ry. Co.* v. *Carlson*, 58
Kan. 66, [48 Pac. 637].)  In that case it is said: 'The ques-
tion as to the capacity of a particular child at a particular
time to exercise care in avoiding a particular danger, is one
of fact, falling within the province of a jury to determine.'
The child there referred to was ten years of age.  In *Biggs* v.
*Consolidated etc. Wire Co.*, 60 Kan. 223, [44 L. R. A. 655, 56
Pac. 6], the same rule was applied to a boy of fourteen years,
the court saying: 'We cannot say, as a matter of law, at what
age a boy would be possessed of such intelligence, foresight and
judgment as to charge him with contributory negligence in
a case like the present.'  Laying down the same rule are
*Barrett* v. *Southern Pac. Co.*, 91 Cal. 296, [25 Am. St. Rep.
186, 27 Pac. 666]; *Foley* v. *California Horseshoe Co.*, 115
Cal. 184, [56 Am. St. Rep. 87, 47 Pac. 42]; *Jensen* v. *Will &
Fink Co.*, 150 Cal. 398, [89 Pac. 113].  As said in the Foley
case: 'These matters, and the further question whether the
minor duly exercised such judgment as he possessed, must,
therefore, as a rule, be left as considerations of fact for the
jury's determination; and it would be an exceptional case
which would present them as unmixed questions of law for the
determination of the court.'  (See, also, *Pierce* v. *United Gas
& Elec. Co.*, 161 Cal. 176, [118 Pac. 700].)''  (*Cahill* v.
*Stone & Co.*, 167 Cal. 126, [138 Pac. 712].)  In the case of

*Pierce* v. *United Gas & Elec Co.*, 161 Cal. 176, [118 Pac. 700], this court held an instruction of the trial court to be erroneous which took from the jury the question as to whether or not under the circumstances of that case the deceased children of the ages of thirteen and eleven years, respectively, were to be held guilty of contributory negligence. In conformity with these rulings we are of the opinion that under the circumstances of the case at bar the trial court having before it all of the facts and witnesses in the case and particularly having an opportunity to hear the testimony, observe the actions, and determine the intelligence of the injured boy did not err in determining that the question of his contributory negligence as a bar to his right of recovery in the action was one which should properly be submitted to the jury. As to the question whether the parents of the child were guilty of contributory negligence in permitting him to go unattended upon the public streets, this issue while raised in the defendant's answer has not been pressed upon appeal and must therefore be considered as having been abandoned.

No other questions being presented requiring our consideration, the judgment is affirmed.

Shaw, J., and Sloss, J., concurred.