[Civ. No. 2953.    First Appellate District, Division One.—November 8, 1919.]

LESTER CHARVES, a Minor, etc., Respondent, v. SAN FRANCISCO–OAKLAND TERMINAL RAILWAYS (a Corporation), Appellant.

[1] NEGLIGENCE—ACTION FOR PERSONAL INJURIES—EVIDENCE.—In this action for damages for personal injuries sustained by plaintiff, a child of the age of five years, as the result of an accident in which he was struck by one of the cars of the defendant street railway company, the evidence was sufficient to sustain the finding of the jury as to the defendant's negligence in the operation of its car, and that such negligence was the proximate cause of the plaintiff's injury.

[2] ID.—RATE OF SPEED—QUESTIONS OF FACT.—In such action, what the actual rate of speed of the car was at the time and whether or not such rate of speed was an undue rate of speed for cars to be operated upon the street in question were questions of fact for the jury.

[3] ID.—CONTRIBUTORY NEGLIGENCE OF MINOR—QUESTION FOR JURY.— Whether or not a minor has in a given case been guilty of contributory negligence so as to prevent his recovery in an action to recover damages for his injury is a question of fact for the jury.

[4] ID.—LAST CLEAR CHANCE—TENDER OF ISSUE—GENERAL AVERMENT OF NEGLIGENCE.—In an action for damages for personal injuries the doctrine of last clear chance is one of the issues which the plaintiff tenders when he makes his general averment

---

1. Duty of driver of street-car to anticipate crossing of track by pedestrian, note, Ann. Cas. 1915A, 216.

2. Injury to children by speed of car, note, 25 L. R. A. 664.

4. Origin, function, and mode of operation of doctrine of last clear chance, note, 55 L. R. A. 418.

as to the defendant's negligence, and under such general aver-
ment he is entitled to introduce evidence showing that the defend-
ant has been guilty of negligence in failing to take advantage
of its last clear chance to avoid injury.

[5] ID.—INSTRUCTIONS AS TO LAST CLEAR CHANCE—ESTOPPEL TO COM-
PLAIN.—Where in such an action the defendant submits to the
court a number of instructions upon the subject of last clear
chance, which are given, it is not in a position thereafter to
complain that the court gave other instructions upon this subject
at the request of the plaintiff.

APPEAL from a judgment of the Superior Court of
Alameda County. Everett J. Brown, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. H. Smith, A. L. Whittle and Chapman & Trefethen
for Appellant.

Stanley Moore, Geo. K. Ford and Ostrander & Carey for
Respondent.

RICHARDS, J.—This is an appeal from a judgment ren-
dered after the verdict of a jury in favor of the plaintiff for
the sum of ten thousand dollars, damages for personal in-
juries alleged to have been sustained by said plaintiff as the
result of an accident in which the plaintiff was struck by
one of the cars of the defendant upon a public street of the
city of Oakland on the twenty-fourth day of March, 1915.

Said plaintiff on said day, a child of the age of five years,
was living with his parents near the place where the acci-
dent occurred, and had been sent by his parents on an
errand which would take him across Adeline Street, upon
which the defendant was at the time operating a double-
track electric railway, which ran in a general northerly and
southerly direction. The child undertook to cross said street
diagonally in a southwesterly direction when a street-car
of the defendant, running in a southerly direction along
the westerly track of its said railway, struck the plaintiff,
cutting off his right hand.

In the complaint which was filed herein on behalf of said
plaintiff for the recovery of damages for his said injuries it
was alleged generally that while the plaintiff was crossing
said street as aforesaid the defendant so negligently and

carelessly ran and operated one of its electric cars in a southerly direction along said street that the car struck said plaintiff and caused the injuries complained of. To this complaint the defendant in due course filed its answer, denying negligence on its part, and setting up by way of special defense the negligence of the plaintiff.

Upon the trial of the cause upon the issues thus generally framed the verdict and judgment in plaintiff's favor were rendered, from which this appeal has been taken.

[1] The first contention of the appellant upon the appeal is that the evidence is insufficient to sustain a verdict against the defendant, based upon any negligence on its part or on the part of its employees in connection with the plaintiff's injuries. We are satisfied from an examination of the record that this contention is without merit. The accident in question occurred about the hour of 5 o'clock in the afternoon, when there was ample daylight, enabling the motorman in charge of the defendant's car to see clearly objects on said street for several hundred feet. There is ample evidence to show that said motorman either did see, or, with a vigilant lookout, could and should have seen, this child from the time it left the sidewalk on the easterly side of Adeline Street to the moment of the collision; and that at the time when said child was or should have been within the range of his observation for the first time said car was several hundred feet away from the spot where it was finally struck and injured. With respect to the speed at which the car was running at the time the evidence is somewhat conflicting; but there were witnesses who testified that the car at the time when the child first started to cross the street was proceeding at the rate of about thirty miles an hour. [2] What the actual rate of speed of the car was at the time was a question of fact for the jury; and whether or not the rate of speed which the jury found said car to have been actually running at said time was an undue rate of speed for cars to be operated upon said Adeline Street, were also questions of fact for the jury. (*Burr* v. *United Railroads*, 163 Cal. 663, [126 Pac. 873]; *Ellis* v. *Central Cal. Traction Co.*, 37 Cal. App. 390, [174 Pac. 407].)

As to whether the motorman in charge of said car—with his opportunity to observe the child from the time it started

to cross the street, and the direction in which it was going in attempting to cross, and its action in so doing, permitting him to judge whether or not the child was aware of the approach of the car—was or was not negligent, is a matter upon which the evidence is conflicting. There was some testimony as to the ringing of the bell; but whether or not this form of warning was given sufficiently early for the child to have heard the same, and possibly to have thus avoided the collision, there is some dispute in the evidence, which it was the province of the jury to determine. There is also a conflict in the evidence as to when the motorman first applied his brakes, and first began to take such other steps as the mechanism of the car provided for its stoppage in time to avoid running down the child; these were also matters which it was the province of the jury to resolve. Upon this branch of the case we are, therefore, of the opinion that the evidence is sufficient to sustain the finding of the jury as to the defendant's negligence in the operation of its car, and that such negligence was the proximate cause of the plaintiff's injury.

[3] In this connection, however, the appellant makes the contention that the undisputed evidence shows that the plaintiff was guilty of such contributory negligence in the premises as should, as a matter of law, prevent his recovery in this action; and in support of this contention the appellant cites certain cases in which minors of various ages have been held to have been guilty of such contributory negligence as a matter of law as to preclude recovery for their injuries. The general rule, however, in this state is that whether or not a minor has in a given case been guilty of contributory negligence so as to prevent his recovery in an action to recover damages for his injury is a question of fact for the jury. (*Cahill* v. *Stone & Co.*, 153 Cal. 571, [19 L. R. A. (N. S.) 1094, 96 Pac. 84]; *Cahill* v. *Stone Co.*, 167 Cal. 126, [138 Pac. 712]; *Barrett* v. *Southern Pacific Co.*, 91 Cal. 296, [25 Am. St. Rep. 186, 27 Pac. 666]; *Foley* v. *California Horseshoe Co.*, 115 Cal. 184, [56 Am. St. Rep. 87, 47 Pac. 42]; *Pierce* v. *United Gas & Elec. Co.*, 161 Cal. 176, [118 Pac. 700].) In the recent case of *Mayne* v. *San Diego Electric Ry. Co.*, 179 Cal. 173, [175 Pac. 690], the supreme court, after a full review of the foregoing authorities, declared that "as a rule courts upon appeal have

not interfered with the discretion of trial courts in referring
or in refusing to refer to juries the question as to whether
the contributory negligence of children of the age of four-
teen years or under was such as to prevent their recovery
for injuries sustained by them.'' We are, therefore, of the
opinion that there is no merit in the appellant's contention
in this regard.

[4] The next contention of the appellant herein is that
the trial court was in error in giving to the jury any in-
struction upon the subject of last clear chance, and the ap-
pellant further contends in this connection that the instruc-
tions which the court did actually give upon this subject
were erroneous.

[5] With respect to the first of these contentions, the ap-
pellant insists that the doctrine of last clear chance was neither·
made an issue in the case by the pleadings, nor was it
properly presentable to the jury in the state of the evidence
before it at the time such instructions were given. In re-
sponse to the first of these contentions it may be stated that
the doctrine of last clear chance is one of the issues which
the plaintiff tenders when he makes his general averment
as to the defendant's negligence; and that under such gen-
eral averment he is entitled to introduce evidence showing
that the defendant has been guilty of negligence in failing
to take advantage of its last clear chance to avoid the injury.
And as to the evidence in the case we are of the opinion
that sufficient was shown with respect to the position of the
child upon the street at a time immediately preceding its
injuries to have entitled the plaintiff to an instruction upon
the subject of last clear chance. The appellant itself evi-
dently considered that the question of last clear chance
was among the issues involved in the case, since it submitted
to the court a number of instructions upon this subject
which the record shows to have been given. It is not,
therefore, in a position to complain that the court gave
instructions upon this subject, and its only remaining con-
tention can be that the court was in error in the instruc-
tions thereon which it gave to the jury at the plaintiff's
request. We have carefully examined the whole body of
instructions which the court gave to the jury upon the
doctrine of last clear chance, and from such examination we

are of the opinion, without undertaking to quote such instructions in detail, that the jury on the whole was fully and fairly instructed upon this subject, and that whether or not the particular instruction of which the appellant complains was ample enough in its phraseology to fully cover the subject the instructions which were asked and given on behalf of the appellant upon the same subject were sufficient to eke out such deficiency, and that upon the whole said instructions embrace a correct exposition of the law.

As to the other instructions of the court of which the appellant complains, its objections are urged in the most general terms without the citation of any authority which would serve to indicate in what respect they are erroneous. We are unable to perceive that these instructions were in any respect erroneous, and are satisfied that the jury on the whole was fully and fairly instructed as to the law of the case.

This disposes of the defendant's various contentions, none of which we find to have sufficient merit to justify a reversal of the case.

The judgment is affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 5, 1920.

All the Justices concurred.