[Civ. No. 3427. First Appellate District, Division One.—August 28, 1920.]

## KATHARINE SPRING, Appellant, v. I. TAWA, Respondent.

[1] NEGLIGENCE—COLLISION WITH AUTOMOBILE—ACTION FOR DAMAGES —EVIDENCE—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.—In this action for damages for personal injuries sustained by plaintiff when she, in her confusion, ran against and struck the side of defendant's automobile, as there was no substantial showing that the defendant was guilty of any sufficient degree of carelessness at the time of or immediately preceding the accident in question as to have justified a verdict against him on account of the plaintiff's injuries, whereas there was affirmative evidence of contributory negligence on the part of plaintiff, the trial court did not commit error in granting defendant's motion for a directed verdict in his favor.

[2] ID.—QUESTION OF FACT—JUDGMENT—ABUSE OF DISCRETION—APPEAL.—The ruling of a trial court as to whether a given state of facts presented before it does or does not amount to negligence as a matter of law will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

John M. Hall for Appellant.

L. B. Stanton and E. J. Fleming for Respondent.

RICHARDS, J.—This is an appeal from a judgment based upon a directed verdict in favor of the defendant in an action brought by the plaintiff to recover damages for injuries sustained by her as a result of being struck by an automobile driven by the defendant upon one of the streets of Los Angeles on the evening of December 21, 1918, at about the hour of 8:20 P. M. The answer of the defendant denied any negligence on his part causing said accident, and

---

1. Duty of pedestrians to look out for automobiles, notes, 3 L. R. A. (N. S.) 345; 20 L. R. A. (N. S.) 232; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1179.

alleged that the same occurred through the contributory negligence of the plaintiff herself.

The facts of the case are practically undisputed and may be briefly summarized as follows: On the evening in question the plaintiff, accompanied by her daughter, was standing upon or near the intersection of Stephenson Avenue and Jane street in said city, at or near the northeast corner of such intersection. She was awaiting the approach of a street-car which was proceeding in a westerly direction along Stephenson Avenue and on the northerly rails of the double street-car track, occupying the center of said avenue. When said street-car was approximately three hundred feet away the plaintiff left her position and proceeded in a southerly direction out into Stephenson Avenue toward the point where the approaching street-car had its usual stopping place. When about two feet from the sidewalk she glanced up and down Stephenson Avenue and testifies to then having seen no approaching vehicle except said car. She walked out into the street, and in doing so did not further look for approaching vehicles until she reached a spot near the center of the street, when she suddenly observed the automobile, which the defendant was driving, approaching the spot where she was standing and only a few feet away. The southerly side of Stephenson Avenue was rough and in such a condition as to make impracticable passage over it with automobiles, and in consequence the automobiles which at that time traveled along said street were accustomed to drive either in the space between the two tracks or along the northerly track. The defendant was apparently driving on the northerly car track, and as he approached, his car was well lighted, but otherwise than by such lights he did not give notice by any warning of his approach. He was traveling at a rate of from ten to twelve miles an hour. When the plaintiff discovered the defendant's car and its nearness to the spot at which she with some five or six other people were standing, she screamed and ran southerly into the space between the two tracks. The defendant also swerved his car southerly and into the space between the two tracks, by which course he would have entirely avoided the plaintiff had she not in her confusion ran against and struck the side of his car, from which impact she suffered the injuries complained of.

[1]   Upon the presentation of the foregoing facts and the submission of the cause the defendant moved for a directed verdict in his favor, which motion was granted by the trial court, and a verdict rendered accordingly, on which the judgment was entered from which this appeal is taken.

The sole contention which the appellant makes upon this appeal is that the trial court was in error in taking the question of the defendant's negligence and of the plaintiff's contributory negligence from the jury. We are unable to agree with this contention. The trial court had the parties and their evidence before it. As to the negligence of the defendant there would seem from the foregoing statement to have been no substantial showing that he was guilty of any sufficient degree of carelessness at the time of or immediately preceding the accident in question to have justified a verdict against him on account of the plaintiff's injuries sustained as above set forth. He had approached the point where the plaintiff and several other persons were standing upon the street awaiting the oncoming street-car with every appearance of proper caution, the lights of his car giving ample and sufficient warning of his approach. He was traveling along that portion of the street customarily used by automobiles while the southerly half thereof was in a state of disrepair. When he swerved his car to the southward he was in a position to have safely passed the said assemblage of persons and would have done so without any injury to the plaintiff had she not done the unexpected thing of apparently losing her head and rushing into the open space which he was about to occupy, striking the side of his car and being thus injured.

But aside from the fact that there was no sufficient evidence of the defendant's negligence before the court, there was affirmative evidence of contributory negligence on the part of the plaintiff, since from the time of her glancing up and down the street, when about two feet from the curb on her way to the center thereof, she neither looked to right nor left until she reached her position in the center of said street immediately in front of the defendant's approaching car. In addition to this her act in rushing out between the tracks and to the place where her collision with the defendant's car occurred was an act which the trial court hearing the testimony would be fully justified in concluding to be

contributory negligence on her part. At any rate, the trial court so concluded, and we are unable to say from the state of this record that its judgment in so doing constituted such a breach of discretion as would compel a reversal of this case. [2] The rule has been laid down, both in the supreme court and in this court, that the ruling of a trial court as to whether a given state of facts presented ˏbefore it does or does not amount to negligence as a matter. of law will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. (*Mayne* v. *San Diego Elec. Ry. Co.*, 179 Cal. 173, [175 Pac. 690]; *Diamond* v. *Weyerhaeuser*, 178 Cal. 540, [174 Pac. 38]; *Charves* v. *San Francisco-O. Terminal Rys.*, 44 Cal. App. 221, [186 Pac. 154].)

We are of the opinion, therefore, that the judgment should be affirmed, and it is so ordered.

Waste, P. J., and Welch, J., *pro tem.*, concurred.