[Civ. No. 3421.   First Appellate District, Division One.—August 28, 1920.]

JOHN GENTA, Appellant, v. C. G. ILLINGWORTH et al., Respondents.

[1] NEGLIGENCE—UNDISPUTED FACTS—QUESTION OF LAW.—It is not every case involving negligence wherein the facts are undisputed that presents simply a question of law, but only those cases wherein the facts which are undisputed are those from which reasonable minds could rationally draw but one conclusion upon the issue in respect to the negligence of the party charged.

[2] ID.—BURGLARY OF SAFETY DEPOSIT BOXES—ACTION FOR DAMAGES—JUDGMENT—APPEAL.—Where upon the facts of a case, as shown before the trial court, as in this action for damages for negligence resulting in the loss through burglary of money and private papers which had been placed in safety deposit boxes rented from the defendants, the question of the defendants' negligence is one concerning which reasonable minds might rationally disagree, the conclusion arrived at by the trial judge, with the parties before it and dealing directly with the testimony educed at the trial, cannot be made the subject of review upon appeal.

APPEAL from a judgment of the Superior Court of Kern County. W. W. Kaye, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. J. Emmons for Appellant.

Charles L. Chandler and W. A. McGinn for Respondents.

RICHARDS, J.—This is an appeal from a judgment in the defendants' favor. The facts out of which the case arose are these: The defendants on and for some time prior to May 10, 1916, had been doing a general mercantile business in the town of Randsburg, county of Kern, and some time previous to said date had installed in their store a large concrete vault containing a safe, and within said safe a series of sixteen safety deposit boxes. These they had advertised for rent and had rented to a number of persons, who had deposited their private papers and various sums of money therein. On the night of May 10, 1916, the store of said defendants was burglarized, the vault broken into, the locks upon these safety deposit boxes also broken, and the contents of the boxes stolen. The renters of these boxes demanded reimbursement from the defendants, which, being refused, they assigned their claims to the plaintiff herein, who was one of the largest losers through the burglary, and he brought this action on behalf of himself and his assignors to recover from the defendants their total loss, amounting to $5,333.

The appellant here contends that upon the facts of the case, the defendants had so negligently and carelessly conducted themselves in relation to the said safety deposit boxes that the amounts of money contained therein had been taken and lost by the burglary of their said store. The trial court found against this contention, and from its judgment, based upon such finding, the plaintiff prosecutes this appeal.

The appellant here contends that upon the facts of the case the defendants were guilty of negligence as a matter of law, and that the trial court was in error in not so determining. It is true that the facts of the case are in the main undisputed; but it does not necessarily follow that

the question as to whether or not the defendants were negligent became thereby a question of law which it is the duty of this court to review and resolve upon this appeal. [1] It is not every case involving negligence wherein the facts are undisputed that presents simply a question of law, but it is only those cases wherein the facts which are undisputed are those from which reasonable minds could rationally draw but one conclusion upon the issue in respect of the negligence of the party charged. (*Walgren* v. *Market Street Ry. Co.,* 132 Cal. 656, [62 Pac. 308, 64 Pac. 993]; *Hampton* v. *Occidental S. S. Co.,* 139 Cal. 706, [73 Pac. 579]; *Loftus* v. *Pacific Elec. Ry. Co.,* 166 Cal. 464, [137 Pac. 34]; *Henderson* v. *Northam,* 176 Cal. 493, [168 Pac. 1044].) [2] We are of the opinion that this is not such a case, but that upon the facts of this case, as shown before the trial court, the question of the defendants' negligence was one concerning which reasonable minds might rationally disagree, and hence that the conclusion arrived at by the trial judge, with the parties before it and dealing directly with the testimony educed at the trial, cannot be made the subject of review upon this appeal.

No other error being urged by the appellant, the judgment is affirmed.

Waste, P. J., and Welch, J., *pro tem.*, concurred.