[Civ. No. 3733. First Appellate District, Division One.—June 23, 1921.]

## HARRY CARLSON, a Minor, etc., Appellant, v. H. B. LEONARD, Respondent.

[1] NEGLIGENCE—CONCLUSION OF TRIAL JUDGE—DISCRETION—APPEAL. The conclusion of the trial judge, as in this action for damages for personal injuries sustained by plaintiff as the result of having been struck by an automobile driven by the defendant, that the facts of the case do not amount to negligence as a matter of law, will not be disturbed upon appeal in the absence of a clear showing of abuse of discretion.

[2] ID.—LAST CLEAR CHANCE—FACTS OF CASE.—In such an action, the defendant cannot be held responsible for the injuries sustained by the plaintiff upon the ground that he had a last clear chance to avoid injuring plaintiff, but neglected to take advantage of it, where the facts of the case show that there was no time up to the moment before the injury when plaintiff was in an obvious position of peril from which he could not extricate himself, and it is apparent that had he not changed his mind twice as to the side of the road he would find refuge from the oncoming automobile he would have been out of danger, and his final decision to cross from the south to the north side of the highway was taken too late to give the defendant a clear chance to avoid striking him.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harry M. McKee and Vincent Surr for Appellant.

George Graham, J. R. Fitch and Everts & Ewing for Respondent.

RICHARDS, J.—The plaintiff, a boy between thirteen and fourteen years of age, brings this action through his guardian *ad litem* to recover damages for injuries sustained by him through being struck by an automobile driven by the defendant, the complaint charging the defendant with negligence and carelessness in the conduct of his machine. The answer denied such negligence and alleged that the plaintiff himself through his own negligence was the cause of the collision.

The cause was tried by the court without a jury. It made findings of fact against the contention of the plaintiff and in favor of that of the defendant, and rendered judgment accordingly.

The circumstances of the collision were testified to with very little variation between the witnesses, and may be fairly stated to be as follows: The plaintiff and several companions about his own age were walking in an easterly direction from Fresno to the golf links in the vicinity of that city when they were overtaken by a wagon. With the permission of its driver they climbed upon it but had not proceeded far when they perceived an automobile truck approaching from the rear, and decided that as the truck was moving faster than the wagon they would, if possible, complete their journey upon it. Harry Carlson, the plaintiff, was the first to alight, and proceeded to cross over to the north side of the road. At this moment the defendant, driving his automobile at a speed of from twenty to twenty-five miles an hour, was approaching from the east, being about eighty or ninety feet distant. The plaintiff did not look in its direction, and may have been unaware of its approach, but two of his companions shouted a warning to him. The defendant upon perceiving the boy slowed his machine, but upon the boy reaching the north edge of that part of the road traveled by vehicles, thus leaving space enough for the defendant to pass between him and the

wagon, he released his brakes and directed his course accordingly when Carlson abruptly commenced to retrace his steps. The defendant immediately reapplied his brakes and veered his machine to the right, and would have safely passed the boy had not the latter again suddenly turned and attempted to gain the north side of the road. The defendant again applied his brakes and turned to the left to avoid striking him but failed in this effort. The machine came to a stop within five or six feet of the point of collision, having passed partly over the plaintiff, who was taken from a point between the front and rear wheels of the automobile.

Upon this state of facts it is the contention of the appellant that it was the duty of the defendant to bring his automobile to a stop when he first perceived the appellant crossing the road ahead of him, and that not having done so he was guilty of negligence; and that if the defendant was driving too fast to be able to stop before reaching the plaintiff this also constituted negligence; and the plaintiff accordingly argues that the defendant was thus guilty of negligence as a matter of law entitling the plaintiff to recover.

[1] If it can be said that the question of negligence as a matter of law arises under the facts of this case it is well settled by recent decisions of the supreme court and of this court that the conclusion of the trial judge as to whether a given state of facts does or does not amount to negligence as a matter of law will not be disturbed upon appeal in the absence of a clear showing of abuse of discretion. (*Mayne* v. *San Diego E. R. Co.,* 179 Cal. 173, [175 Pac. 690]; *Diamond* v. *Weyerhauser,* 178 Cal. 540, [174 Pac. 38]; *Charves* v. *San Francisco O. T. Rys.,* 44 Cal. App. 221, [186 Pac. 154]; *Genta* v. *Illingsworth,* 49 Cal. App. 92, [192 Pac. 1041]; *Spring* v. *Tawa,* 49 Cal. App. 100, [192 Pac. 1051].)

[2] It is also suggested by the appellant that the judgment should be reversed for the reason that the defendant having a last clear chance to avoid injuring the plaintiff, neglected to take advantage of it. We do not think, however, that the facts above narrated make a case to which the principle of law referred to has application. There was no time up to the moment before the injury when the plaintiff was in an obvious position of peril from which he could not

extricate himself. It is apparent that had he not changed his mind twice as to the side of the road he would find refuge from the oncoming automobile he would have been out of danger, and his final decision to cross from the south to the north side of the highway was taken too late to give to the defendant a clear chance to avoid striking him.

We think it follows that the judgment should be affirmed, and it is so ordered.

Waste, P. J., and Kerrigan, J., concurred.