[Civ. No. 4409. First Appellate District, Division One.—February 27, 1923.]

## LEWIS A. FATE, Respondent, v. H. M. GROSS, Appellant.

[1] NEGLIGENCE—COLLISION OF AUTOMOBILE AND MOTORCYCLE—VIOLATION OF MOTOR VEHICLE LAW—SUFFICIENCY OF EVIDENCE.—In an action for damages for personal injuries sustained as a result of a collision between defendant's automobile and plaintiff's motorcycle, evidence that when defendant reached a point which was about seventy-five feet south of the place where the collision occurred, and at which time plaintiff was approximately thirty feet behind defendant's machine, defendant slackened his speed, changed his course a little to the right, gave a hand signal indicating his intention to park his machine at the curb, moved toward the curb until within three or four feet of it and then, without giving any other or additional warning or signal, turned his machine sharply to the left and collided with plaintiff, is sufficient to sustain a finding of defendant's negligence and a violation of the provisions of subdivisions h and q of section 20 of the Motor Vehicle Act.

[2] ID. — CONTRIBUTORY NEGLIGENCE — INSUFFICIENCY OF EVIDENCE. — In an action for damages for personal injuries sustained as a result of a collision between defendant's automobile and plaintiff's motorcycle, evidence that plaintiff was following defendant's machine, maintaining a reasonable and lawful distance behind it, and was traveling at a lawful rate of speed, when defendant, after giving a signal indicating his intention of turning to the right to park, suddenly and without warning, turned to the left directly in front of and collided with plaintiff, was not sufficient to show contributory negligence and a violation of subdivision h of section 20 of the Motor Vehicle Act, providing for the giving of a signal before passing an overtaken vehicle.

APPEAL from a judgment of the Superior Court of Santa Clara County. F. B. Brown, Judge. Affirmed.

The facts are stated in the opinion of the court.

1. Rules of road governing vehicles when turning across street, note, 41 L. R. A. (N. S.) 350.

2. Violation of statute or ordinance regulating movement of vehicles as affecting violator's right to recover, note, 12 A. L. R. 458.

John J. Jones, Barry J. Colding, Theodore Hale and J. E. Pemberton for Appellant.

John W. Sullivan for Respondent.

THE COURT.—The defendant H. M. Gross appeals from a judgment rendered against him in an action brought by the plaintiff, Lewis A. Fate, for damages on account of personal injuries sustained by the latter as a result of a collision between the defendant's automobile and plaintiff's motorcycle.

The action against appellant's codefendant Todd Protectograph Company, a corporation, was dismissed on a motion for a nonsuit.

The trial was had before the court sitting without a jury, and the court found that the defendant was and that the plaintiff was not guilty of negligence. The question of the insufficiency of the evidence is the only one presented on this appeal aand therefore if there is substantial evidence in the record to support the findings, the judgment must be affirmed.

The collision occurred on North First Street, in the city of San Jose, at a point nearly opposite the steps of the courthouse, at the hour of 5:40 on the evening of March 31, 1921. Defendant was traveling in an automobile northerly on the right-hand side of North First Street, at a rate of speed of about ten miles an hour. The plaintiff was riding on a motorcycle, and was traveling behind but in the same direction with defendant, at a rate of speed of about fifteen miles an hour.

The evidence on the part of plaintiff shows that when defendant reached a point opposite the St. James Hotel, which was about seventy-five feet south of the place where the collision occurred, and at which time plaintiff was approximately thirty feet behind defendant's machine, the defendant slackened his speed, changed his course a little to the right, and gave a hand signal indicating his intention to park his machine at the curb. He moved toward the curb until within three or four feet of it, and then, without giving any other or additional warning or signal, he turned his machine sharply to the left, following the line of a circle, evidently intending to turn around at that

point in the street. By doing so he collided with the plaintiff, throwing the latter to the pavement and fracturing both bones of the right leg between the knee and the ankle.

[1] We are satisfied that the evidence above narrated is sufficient in law to sustain the finding of the trial court that the defendant was negligent. The Motor Vehicle Act of California provides that no vehicle except those operated by the police or fire departments shall, in a business district or closely built-up territory, be turned so as to proceed in the opposite direction except at an intersection of the public highway (subd. q, sec. 20, Motor Vehicle Act, Stats. 1919, p. 215). It is also provided that before turning, stopping, or changing the course the person in charge of a vehicle shall first see that there is sufficient space for such movement to be made in safety, and if the movement or operation of other vehicles may reasonably be affected by such turning, stopping, or changing of course, shall give plain, visible signal of his intention so to turn, stop, or change his course, etc. (subd. h, sec. 20, Motor Vehicle Act). All of these plain provisions of the statute were violated by the defendant.

The main contention of appellant is that plaintiff was guilty of contributory negligence because it is admitted by plaintiff that he did not at any time give a warning or signal of his approach. In support of this contention appellant cites and relies upon subdivision h of section 20 of the Motor Vehicle Act, which reads: "It shall be the duty of the person operating or in charge of an overtaking vehicle to sound audible and suitable signal before passing a vehicle proceeding in the same direction."

[2] In view of the circumstances disclosed by the record, we are unable to agree with appellant that plaintiff has been brought within the provisions of the section of the law last above quoted. The evidence is to the effect that plaintiff was following defendant's machine up the street, maintaining a reasonable and lawful distance behind it, and was traveling at a lawful rate of speed, when the defendant, after giving a signal indicating his intention of turning to the right to park, suddenly and without warning, turned to the left directly in front of and collided with the plaintiff. Under such circumstances it cannot fairly be held, we think, that plaintiff was "in charge of an overtaking vehicle," or that he attempted to pass defendant's machine. And even if it

be assumed that it was plaintiff's duty under the circumstances to give warning of his approach, we are not prepared to say as a matter of law, in view of the finding of the trial court to the effect that plaintiff was not guilty of contributory negligence, that the failure to give such warning contributed proximately to plaintiff's injuries, or that if such signal had been given the collision would have been averted. As above stated, the evidence shows that plaintiff kept thirty feet to the rear of defendant's machine until defendant slackened his speed and gave a hand signal indicating his intention to park; that when defendant reduced his speed and indicated his intention to park, plaintiff's motorcycle was brought within fifteen feet of the rear of defendant's machine, and that while plaintiff was in that position the defendant, contrary to the signal he had given, suddenly turned to the left directly in front of plaintiff. The evidence further shows that when defendant made the sudden turn to the left, plaintiff did everything possible to avoid a collision by turning his motorcycle sharply to the left within the circle made by defendant's machine. Whether or not plaintiff, while in that situation and under those circumstances, could have saved himself or prevented the collision by sounding a warning or giving a signal was a matter for the trial court to decide from all the evidence before it.

In the case of *Carlson* v. *Leonard,* 53 Cal. App. 300 [200 Pac. 40], it is said: "It is well settled by recent decisions of the supreme court and of this court that the conclusion of the trial judge as to whether a given state of facts does or does not amount to negligence as a matter of law will not be disturbed upon appeal in the absence of a clear showing of abuse of discretion. (*Mayne* v. *San Diego E. R. Co.,* 179 Cal. 173 [175 Pac. 690]; *Diamond* v. *Weyerhauser,* 178 Cal. 540 [174 Pac. 38]; *Charves* v. *San Francisco O. T. Rys.,* 44 Cal. App. 221 [186 Pac. 154]; *Genta* v. *Illingsworth,* 49 Cal. App. 92 [192 Pac. 1041]; *Spring* v. *Tawa,* 49 Cal. App. 100 [192 Pac. 1051].)''

The trial was held in the courthouse opposite the scene of the collision. By the record it is shown that upon cross-examination plaintiff was requested to go to the window of the courtroom and point out certain locations about which he had testified. The trial court was therefore

in a position to view, and was doubtless quite familiar with all of the physical conditions as they existed at the time of the collision, and from those circumstances concluded that plaintiff was not guilty of contributory negligence. In reaching that conclusion we do not find that there was an abuse of discretion.

Judgment affirmed.